BERTHA W. PROSPERE, et al., *Appellants*, v. CITY OF NEW PORT RICHEY, et al., *Appellees*.

Division B.

Opinion filed September 27, 1929.

*J. Franklin Spears and J. C. Davant,* for Appellants;

*Arthur L. Auvil,* for Appellees.

BUFORD, J.—In this case certain property owners filed bill of complaint, a second bill of complaint and an amendment to the second bill of complaint. Demurrer was interposed to the original bill of complaint and sustained. The same course was pursued as to the amended bill of complaint and as to the second amended bill of complaint as amended. The order sustaining the demurrer to the second amended bill of complaint as amended not only sustained the demurrer but denied the right of the complainants to further amend the bill of complaint which order had the effect of dismissing the bill. The second amended bill of complaint as amended might have been more artfully drawn. There are many particulars in which it could more clearly and briefly state pertinent facts. The bill alleges that the cost of the improvements for which the assessment complained of is levied was $23,147.20 and that the amount assessed against abutting property for the improvement was the sum of $45,314.22. This allegation is sufficient to entitle the complainants to equitable relief and the bill should not have been dismissed.

A municipal corporation may assess the cost of improvements against the abutting property on the street where the improvements are made. This Court has held that the cost of paving the intersection of streets may be apportioned to the property abutting the street paved, but has gone no further. The right of the Legislature to

authorize a municipality to assess the cost of paving, laying sewers and like improvements against the abutting property is based solely upon the theory or fact that the abutting property is benefited to the extent of the cost of the improvements by reason of the improvement being constructed abutting the property. The Legislature is without authority to authorize the assessment of a sum more than the cost of the improvement and necessary incidental expense against the abutting property.

In the case of City of Ft. Myers v. State of Fla., Carrie Langford, et al., 95 Fla. 704, 117 So. R. 97, this Court say:

"The 'estimated' cost of the improvement does not contemplate or have reference to a mere fancied, haphazard or speculative estimate, but it has reference to a reasonable *bona fide* estimate predicated on the plans and specifications on file with the City Clerk at the time of the adoption of the resolution for the public improvement.

"A resolution to issue bonds for municipal improvements predicated on a void resolution determining to make said improvements and an unauthorized estimated cost thereof as contemplated by Chapter 12719, Acts of 1927, is also illegal and void.

"The front foot rule has generally been adopted in this country to prorate benefits from local improvements though under Sub-section A of the Act in question they may be prorated according to value, superficial area, districts, zones, front footage or by any other fair or equitable plan that the commission may elect. Provided, that in no instance shall the amount assessed against the property benefited exceed the amount of benefits accruing to it.

"In an improvement program of great magnitude and variety, there should be a specific finding of

benefits both as to paving on the one hand and as to storm sewers, catch basins, man-holes and accessories on the other. In other words, where there are several unconnected and distinct constructions or programs for improvement purposes there should be an adjudication or finding of benefits as to each program separately.

"The fair and just foundation on which special assessments for local improvements rest is special benefits accruing to the property benefited, that is to say benefits received by it in addition to those received by the community at large.

"Special assessments against lands in a single public improvement program to pay for an additional and separate program where there is no showing of mutual benefit or dependence are arbitrary and illegal and will not be upheld.

"Where the special or peculiar benefits are substantially equal to the special assessment, the legislative authority in apportioning the cost to be borne by the property specially benefited may impose the entire reasonable and proper cost of the improvement upon such property even though a secondary or incidental benefit may also result to the public.

"If the situation is reversed and the incidental benefit results to the property improved and the primary benefit to the public, to require the abutting property to bear the entire expense would amount to an arbitrary and unwarranted servitude which can not be imposed."

The second amended bill of complaint as amended contained allegations sufficient, if true, and the demurrer admitted them to be true, to show that the assessment which was sought to be avoided was grossly excessive and was therefore, void and unenforceable.

The courts are not authorized to make the assessments. It is the duty of the proper municipal officers to make a proper and lawful assessment where an assessment for improvements and benefits is authorized, and if the assessment made by the municipal authorities is unlawful and void the abutting property holder is not hereby relieved from paying his just proportion of the cost of the benefits and he may be required to do so by a proper and lawful assessment being levied and made against the abutting property by the municipal authorities, although a former assessment attempted to have been made by them is void.

For the reasons stated the order sustaining the demurrer to the second amended bill of complaint as amended should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J. AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.

STRUM, J. (Concurring).

My views as to the proportion of the cost of paving streets that may be specially assessed against the abutting property, and as to the method of determining and assessing such costs, are fully stated in Atlantic Coast Line v. City of Lakeland, on re-petition for rehearing, 115 So. R. 683, which views were concurred in by a majority of the court.

This bill of complaint makes a prima facie case for relief within the views expressed in the Lakeland case, as well as within the authorities cited in the foregoing opinion.