HILLSBOROUGH COUNTY v. JOHN F. DeSEAR, *et ux.*

162 So. 703.
Division B.
Opinion Filed July 1, 1935.

*John B. Sutton* and *H. C. Tillman,* for Appellants;
*Edwin R. Dickenson* and *Robert W. Patton,* for Appellees.

Buford, J.—This was a suit to foreclose a purported special assessment certificate issued pursuant to paving, which paving was purported to have been undertaken under provisions of Chapter 10145, Acts of 1925.

The decree was in part as follows:

"* * * that the said certificate of indebtedness No. 1473 issued by the Board of County Commissioners of Hillsborough County, Florida, on May 27, 1927, in pursuance of the provisions of Chapter 1914, of the Laws of Florida of 1925, now owned by the complainants, W. R. Harwell and Federal Reserve Bank of Atlanta, Georgia, a corporation, organized and existing under the laws of the United States of America, be, and the same is hereby declared to be null and void and of no effect as against the right, title and interest of the defendants, John F. DeSear and Mary DeSear, his wife, in and to the above described real estate, or any portion thereof, and that the same exists merely as a cloud upon the right, title and interest of the defendants, and that the same be and is hereby cancelled and removed, and all claims of the complainants, and all persons claiming by, through or under them, or either of them, by virtue thereof, are hereby cancelled, removed and quieted against the said described land, and it is hereby decreed that the defendants are the fee simple owners of said land, free and clear of all liens, clouds or encumbrances on the part of the complainants, or any person claiming by, through or under them, or either of them, by reason of said certificate; and it is hereby":

The decree was entered on bill, answer and stipulation of facts. The stipulation of facts was as follows:

"Now come the complainant and the defendants in the above stated cause, by their undersigned solicitors, in order to save the expense of taking testimony in said cause, and

in order to admit certain facts which have been duly proven in other causes in this same Court, and admit that Osborne Avenue, between 15th Street and 30th Street, as described in the bill of complaint and answer, is a public road in the County of Hillsborough and State of Florida, outside the corporate limits of a municipality.

"It is further admitted that the Board of County Commissioners of Hillsborough County, Florida, ordered the said paving, grading and curbing of Osborne Avenue, between 15th Street and 30th Street aforesaid, and issued the said certificate here sought to be foreclosed against the property described in the bill of complaint, without there having been presented to or filed within the said Board of County Commissioners of Hillsborough County, Florida, a petition signed by the owner or owners of two-thirds of the property abutting on that continuous portion of said Osborne Avenue, between 15th Street and 30th Street aforesaid, asking that said portion of such public road should be paved, graded and curbed, or that said improvements should be made; as required by Chapter 10145 of the Acts of the Legislature of the State of Florida, for the year 1925.

"It is further stipulated and agreed that the Court be, and is hereby authorized to make, enter and render its final decree in accordance with this stipulation and the pleadings filed in said cause."

Reference to Section 1, Chapter 10145, *supra,* discloses that it is provided therein:

"Whenever the owner or owners of two-thirds of the property abutting on any public road, or any continuous portion thereof, in any County having a population of not less than One Hundred and Twenty-five Thousand, according to the census taken by the State of Florida in the

year 1925, outside of the corporate limits of a municipality, shall present to the Board of County Commissioners of such County a petition duly signed by them asking that such public road be paved, graded and curbed, or paved, graded or curbed, then it shall be the duty of such Board of County Commissioners to grant the said petition and order the said public road or portion thereof to be paved, graded and curbed, or paved, graded or curbed, as the petitioners may request. * * *"

Now, under the provisions of this Act it was necessary for a petition signed by the owner or owners of two-thirds of the property abutting on any public road or any continuous portion thereof sought to be paved to be filed before or presented to the Board of County Commissioners before the County Commissioners were authorized to proceed to assess the cost of such contemplated or completed paving against the property abutting upon such public road or portion thereof so paved. In other words, the presentation of a petition signed by the owner or owners of two-thirds of the property abutting on the road was a jurisdictional prerequisite to the power or authority of the Board of County Commissioners to make assessments against the abutting property to pay for the paving. The stipulation admits this was not done.

In the brief appellants contend strenuously that the abutting property owner in this case, having signed the petition, is estopped from contesting the validity of the petition and cites the statement of Mr. Justice GRAY in his book on Limitations of Taxing Power and Public Indebtedness, page 1020, as authority for appellants' position. The statement quoted from Mr. Justice GRAY's work is unquestionably good law, but his statement is not applicable to this case. He says: "Where public improvement is made

or taxes laid upon the petition of the owners of adjacent property or other persons interested, and pursuant in form to and in compliance with the statutes of the State, or where the property owners in some other way actively encourage the assessment a kind of estoppel arises against the persons who made the petition against the assessment." This statement refers to those cases where the petition has been pursuant in form to and in compliance with the statutes of the State. The stipulation shows that the State statute was not complied with. If the rules contended for by counsel were established, then if one property owner signed a petition, assuming that it would not be presented to the Board of County Commissioners until the requisite number of property owners had signed it, and the petition should be presented to the Board with only the one owner's name on it, and the Board should proceed to order the road paved under that petition not representing any appreciable percentage of the ownership of abutting property, the result would be that that individual could be assessed a special assessment for the construction of the road on which his property abutted and be then subject to an assessment equal to that levied against all others as a general assessment for public improvement.

It is also contended in the brief, and many authorities are cited in support of the contention, that it is a well established rule of courts of equity not to assist one wrong-doer against another. He who comes into a court of equity must come with clean hands. He who seeks equity must do equity. There can be no question that these rules apply in equity cases, but the appellee here, as we see it, has not come into court with unclean hands. A lien has been attempted to be laid against his property without authority of law. It is true that he said, in effect, in signing the

petition: "If you comply with the law, I am willing that my property abutting on this road be assessed." But there is nothing in the record from which we can assume that he said, in effect: "I agree that you may assess my property abutting on this road, whether you have the requisite petition to give you jurisdiction or not, or whether you comply with the law or not."

Taking cognizance of our own record, we find that in the case of Jeffords, *et al.,* v. Hillsborough County, 101 Fla. 654, 126 Sou. 373 and 136 Sou. 398, like certificates, issued at the same time that the certificate involved here was issued and under the same conditions under which these certificates were issued, and issued pursuant to a pretended assessment for the improvement for the same road for which these certificates were issued, were held to be invalid and were cancelled, this Court affirming the decree of the lower court cancelling such certificates.

In the later case of Harwell v. Hillsborough County, 111 Fla. 361, 149 Sou. 547, which as a suit to enforce the payment of the amount due to the contractors for the construction of the road concerning which these certificates were issued, we said:

"After the maturity of the first installment due upon the certificates, three owners of abutting property filed suit in equity to restrain the enforcement of the certificates issued against their lots and held by plaintiff, on the ground that the certificates were invalid. Plaintiff and Hillsborough County were made parties. defendant to, the suit. A demurrer to the bill of complaint was overruled and on appeal that decision affirmed by this Court. Hillsborough. County v. Jeffords, 101 Fla. 654, 126 Sou. Rep. 373.

"On May 27, 1929, a final decree in the suit was entered by Judge Robles of the Circuit Court of Hillsborough

County, declaring the certificates against the lots owned by complainants to be invalid, cancelling them as clouds upon the title to the property, and restraining their enforcement by either of the defendants. The ground upon which the certificates were declared to be invalid was that the petition by the abutting property owners to the county, to have the paving done, was not signed by the owners of two-thirds of the abutting property, as required by Chapter 10145, Laws of 1925. Chapter 12208, Acts of 1927, was an attempt to remove the last mentioned objection by a statutory validation of the certificates.

"On April 18, 1930, plaintiff filed a claim against the county for injury resulting to him by reason of the county's failure to deliver to him valid certificates of indebtedness against the property owned by the complainants in the equity suit. This claim was rejected by the county, and on April 24, 1930, plaintiff filed this suit to recover from the county the face value of these certificates."

We then proceeded to determine and state the legal rights of the creditor, or contractor, or his assignee.

Under analogous statute, Section 1098 R. G. S., 1451 C. G. L., in the case of Tervin and Osborne v. State, *ex rel.* Attorney General, 116 Fla. 156 Sou. 627, we said:

"Now, the record before us shows that the petition filed in the office of the Clerk of the Circuit Clerk was not signed by the Board of Drainage Commissioners of the State. It was not signed by a majority, either in numbers or in acreage, of the owners and holders of the body of land sought to be included in the district. The petition on its face shows that there was sought to be included in this drainage district, 8,391.55 acres. It shows upon its face that the owners of only 2,015.50 acres signed the petition if all names on the petition are counted as valid. It also

shows on its face that a great deal less than one-half of the known owners of lands to be included within the district were signers of the petition. Therefore, it follows that the court never acquired jurisdiction to create the district; that there was no *bona fide* attempt to follow the provisions of the statute and that there was no justification or foundation for a decree of the court declaring the existence of the drainage district. The court having been without jurisdiction because of the lack of a petition as required by statute to make or enter any order in connection with the creation of such district, it follows that the order was void insofar as it purported to establish a drainage district."

In that case we cited City of Miami, *et al.,* 66 Fla. 280, 63 Sou. 440, saying:

"Where a court has jurisdiction, it has a right to decide every question which occurs in the cause; and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. But if it act without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void."

In the case of Weinberger v. Board of Public Instruction of St. Johns County, 93 Fla. 470, 112 Sou. 253, we said:

"Analogous also, in principle, are those cases in which it is held, almost universally, that a property owner who has failed at the time and in the manner prescribed by statute to object to the validation or ratification of special assessments for local improvements is not estopped to subsequently question the validity thereof in cases where such assessments are not merely voidable or irregular, but are void *ab initio* because of an inherent jurisdictional defect in the essential procedure culminating in such assessment.

Upon that question it is held by the courts, with great unanimity, that a statute limiting the time within which an action may be brought to contest the validity, or the ratification of a special assessment made against abutting or adjacent property to pay the cost of local improvements, does not apply so as to bar a subsequent action by an affected property owner to enjoin the entry or collection of such assessment or to cancel the lien thereof as a cloud on his title, when the essential proceedings upon which the assessment is based are void. See Marshall v. City of Leavenworth, 24 Pac. Rep. 975, wherein it was said: 'Any assessment made to pay for such improvements would be absolutely null and void, and the parties protesting would not be required, under the aforesaid limitations contained in Sec. 1, Chap. 101, Laws 1887, to commence any action, within thirty days after the making of the assessment, to set aside the assessments, or to defeat or avoid the same.' See also: Steinmiller v. Kansas City, 44 Pac. Rep. 600; Grier v. Kramer, 162 Pac. Rep. 490; City of Henderson v. Leiber, 19 S. W. Rep. 830; 9 A. L. R. 620. See also: Morrow v. Barber Asphalt Paving Co., 111 Pac. 198, where it was said:

"For the purpose of requiring promptness in making objections to the validity of assessments for such improvements, the Legislature provided, 'No suit to set aside the said assessments, or to enjoin the making of same, shall be brought, or any defense to the validity thereof be allowed after the expiration of thirty days from the time the amount due on each lot or piece of ground liable for such assessment is ascertained.' We do not think this statute can be interposed to aid an assessment which is void on jurisdictional grounds on the face of the proceedings. It should be held to apply only to such defects and irregu-

larities in the proceedings as would render them voidable, but not void. * * * As the proceedings which led up to the assessment were had without jurisdiction, and consequently are without any legal effect upon the property rights of the plaintiffs, the mere failure to act certainly could not alter the situation of either party."

See authorities cited in the opinion in support of this principle.

The jurisdictional prerequisite petition not having been filed, the County Commissioners were never vested with authority to issue the certificate involved and, therefore, the certificate was void and there was no duty devolved upon the property owner to take any steps seeking to cancel the certificate until some move was made against him under a claim of right alleged to have been created by the certificate. He is not estopped by *laches.*

The decree should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.