PER CURIAM.
Appellants, three plaintiff classes below, (“Plaintiffs”), timely appeal final summary judgments in favor of Marion County which declared .and held that Marion County may lawfully impose a special assessment (by reassessment) on property specially benefited by completed road improvements within a Municipal Services Benefit Unit (“MSBU”), specifically, the Rainbow Springs (Phase I) Improvement Area MSBU, the Lake Tropicana Ranch-ettes (Phase I) Improvement Area MSBU and the Timberwood Improvement Area MSBU.[1] We affirm.
The trial courts correctly determined that these cases are controlled by longstanding precedent upholding assessment or reassessment for completed public works projects that specially benefit those being assessed. See, e.g., Phillip Wagner, Inc. v. Leser, 239 U.S. 207, 216-17, 36 S.Ct. 66, 60 L.Ed. 230 (1915) (rejecting claim that the state had no authority to levy a special assessment or reassessment on property to pay for benefits previously accrued for a completed public work, recognizing that such an assessment is not a violation of due process); City of Seattle v. Kelleher, 195 U.S. 351, 359, 25 S.Ct. 44, 49 L.Ed. 232 (1904) (“The principles of *1175 taxation are not those of contract. A special assessment may be levied upon an executed consideration, that is to say, for a public work already done.... If this were not so it might be hard to justify reassessments.” (citations omitted)); Prospere v. City of New Port Richey, 98 Fla. 508, 124 So. 2, 4 (1929) (recognizing invalidity of assessment does not relieve abutting owner from paying his just proportion of cost of benefits under subsequent assessment); Anderson v. City of Ocala, 88 Fla. 344, 91 So. 182, 186 (1922) (recognizing that where original special public improvement assessments by municipalities have been found unenforceable for error or irregularity, reassessment may be upheld on the theory that the improvements will enhance the value of abutting property, and as a consequence there rests on the property an obligation to contribute its just share of the expense, and failure of the original assessment does not discharge the obligation); see also Moody v. City of Vero Beach, 208 So.2d 345, 347 (Fla. 4th DCA 1967) (“Public works must be paid for even though they were constructed before any assessment was levied on their account. If the assessment otherwise is levied properly as a special assessment for benefits, then, in view of the fact that the benefit and payment are both compulsory, the benefit already executed when the procedure for authorizing the assessment was passed will sustain the assessment.”).
Plaintiffs attempt to avoid application of this well-settled law by arguing that reassessment should be barred in this case because the county lacked “jurisdiction” to build the improvements when the assessments were first made, citing to Simmons v. Fessenden, 111 Fla. 83,149 So. 21 (1933) and Hillsborough County v. De Sear, 120 Fla. 317, 162 So. 703 (1935). This argument ignores the broad scope of home rule powers granted to counties under the 1968 Constitution and under general law. Under the constitution and laws in effect at the time that these road improvements were constructed (between 2007 and 2009), the County enjoyed a broad grant of general power (or “jurisdiction”) to make road improvements and to impose special assessments based upon the benefits conferred by those improvements. Art. VIII, § 1(f), Fla. Const.; § 125.01, Florida Statutes (2007); see also, e.g., City of Boca Raton v. State, 595 So.2d 25 (Fla.1992).
AFFIRMED.
ORFINGER, C.J., LAWSON and EVANDER, JJ., concur.

. We consolidated our cases 5D11-1597 and 5D11-2297 for purposes of oral argument, and now consolidate them for purposes of decision. The cases present the same legal issues.