THE BOARD OF COMMISSIONERS OF WYANDOTTE COUNTY
*et al.* v. DAVID D. HOAG.

STREET — *Improvement by County — Liability of Abutter.* A lot-owner who voluntarily invokes for his benefit the provisions of chapter 214, Laws of 1887, for the purpose of improving a public street contiguous to his lots, under the pretense that the street is a county road, and signs a petition under the provisions of that statute to the board of county commissioners, in which he asks for the improvement subsequently made; lives in the immediate neighborhood of the improvement; and his property is benefited by said improvement, cannot be protected by a court of equity from the inevitable consequences of his act in signing the petition and invoking the benefit of the statute. ( The case of *Stewart v. Comm'rs of Wyandotte Co.,* 45 Kas. 708, cited and followed.) .

*Error from Wyandotte Court of Common Pleas.*

ACTION to restrain the collection of certain taxes. From a judgment for plaintiff, *Hoag,* November 30, 1891, the defendant *County Board* and others bring error.

*McGrew & Watson,* and *Morse, King & Morse,* for plaintiffs in error.

*Buchan, Freeman & Porter,* for defendant in error.

Opinion by SIMPSON, C.: This action originated in the court of common pleas of Wyandotte county. It was commenced to restrain the collection of certain taxes levied upon the property of the defendant in error, by reason of the improvement of streets in the city of Kansas City, by the board

of county commissioners, under the provisions of "An act for the improvement of county roads," approved March 5, 1887. The case was tried below on an agreed statement of facts that reads as follows:

"1. John Steffens, Nelson Garcelon, and C. F. Horstman constitute the board of county commissioners, Charles E. Bruce is county clerk, and M. W. Stewart is county treasurer of Wyandotte county, Kansas.

"2. During all the times referred to in plaintiff's petition the city of Kansas City, in said county, was, and is, a city of the first class, duly organized under and by virtue of the laws of the state of Kansas as such.

"3. The petition presented praying the improvements of Lafayette avenue, and the petition presented praying for the improvement of Stewart avenue, and the petition presented praying for the improvement of Third street, were each and all signed by a majority of the resident land-owners on either side of said street or avenues, and said petitions were in form as provided for in an act for the improvement of county roads, approved March 5, 1887, and the plaintiff in this action signed all the petitions for the improvements therein mentioned.

"4. At the time of the presentation of said petitions, Lafayette avenue, Stewart avenue and Third street were all public streets, lying wholly within Edgerton place; and plaintiff knew that said streets were not county roads, and that said improvements were made under the laws of 1887; Edgerton place was at that time a body of land subdivided and platted and regularly laid out into lots, block, streets, and alleys, and was afterward made an addition to Kansas City, a city duly organized as a city of the first class; all the land lying on either side of said streets and avenues, at the time of the improvements aforesaid, consisted of lots, blocks, streets and public alleys, and none of said streets or avenues at that time was a county road. Plaintiff lived upon one of said streets and his property was benefited by said improvements.

"5. The improvements of said streets and avenues, for which plaintiff's property has been specially taxed, consist of paving said streets and avenues with cedar blocks and with placing stone curbing on either side of said paving, so that each of said avenues and said street was improved in the same manner and in connection with the streets of the city of Kansas City.

"6. The allegations of plaintiff's petition with reference to the apportionment of said taxes are true."

The court below granted a perpetual injunction restraining the collection of such taxes. All proper exceptions were saved, and the case is here to review the final order.

We are unable to distinguish this case from that of *Stewart v. Comm'rs of Wyandotte Co.*, 45 Kas. 708. In that case it was held:

"That a land-owner who voluntarily invokes for his benefit the provisions of chapter 214, Laws of 1887, for the purpose of improving a county road contiguous to his land; signs, circulates and presents a petition to the board of county commissioners under the statute, and asks for the improvement subsequently made; lives in the immediate vicinity of the improvement during its entire progress; is present upon the work at various times; knows that the petition is insufficient under the statute; and the improvement greatly enhances the value of his property, much in excess of any tax or assessment attempted to be imposed, is not entitled to an injunction to restrain the collection of such tax or special assessment, although the improvement is made without any authority whatever."

In this case it appears from the agreed statement of facts that Hoag signed the petitions for the improvement of these streets; that at the time the petitions were presented, these streets were all public streets, and not county roads; that Hoag lived on one of these streets, and that his property was greatly benefited by the improvements made thereon. That is, that Hoag, in conjunction with other neighbors, petitioned for these improvements, and, after the work was done in accordance with his request, he now seeks to avoid his proportionate payment of the cost by saying that it was done without authority. And while it is shown by the record that he was not as active in the preparation of the petitions as Stewart was, he signed the petition and asked that his property be benefited, and when the benefit occurred seeks to repudiate his responsibility in procuring the work to be done. He cannot thus invite and encourage these improvements, and then ask a court of equity

to protect him from the inevitable consequences of his own personal, voluntary action.

We recommend that the judgment be reversed, with instructions to dissolve the injunction and dismiss the action.

By the Court: It is so ordered.

All the Justices concurring.