NINA McADOO, as Trustee for Nina Josephine McAdoo and William Dalton McAdoo, Jr., and W. D. McAdoo, her husband, *Appellants*, vs. BIRDIE N. MOSES, *Appellee.*

Division B.

Opinion filed February 19, 1931.

*Edwin R. Dickenson*, for Appellants;
*McMullen & Draper*, for Appellee.

BUFORD, J.—The appeal in this case is from a final decree enjoining the use of certain property as a gasoline station. The property was embraced in a sub-division which had been platted and sold by West Tampa Land & Improvement Company. A certain lot in the sub-division had been conveyed by mesne conveyances to the complainant while other lots in the sub-division were conveyed by mesne conveyances to Nina McAdoo as Trustee for Nina Josephine McAdoo and William Dalton Mc-Adoo, Jr. The allegation and proof is,

"That prior to the sale of any lots in the said Wood-lawn Park Sub-division, the entire subdivision was the property of the West Tampa Land & Improvement Company, a corporation, and that as and when the various lots in the said subdivision were sold by the said West Tampa Land & Improvement Company, uni-

form restrictions were placed in the deeds to the various purchasers as follows:

'This conveyance is made by the party of the first part and accepted by the party of the second part under an agreement that the property hereby conveyed shall not be sold, rented or otherwise disposed of to persons of African descent; that no use shall be made of the premises or any part thereof that shall constitute a nuisance or injure the value of any neighboring lots; that only one residence is to be erected on each lot and that the same shall face (East, West, North or South, as the lot might face) and that the front thereof shall not be less than fifteen feet from the front of said lot and shall cost not less than $1500.00 but the owner of each lot may have the necessary servant houses and outbuildings in the rear.' "

The chancellor held that the covenant contained in the deeds as above quoted was a covenant running with the land and that it restricted the use of the property for residential purposes only. We find it unnecessary to decide the question presented by the assignment of errors.

Nina Josephine McAdoo and William Dalton McAdoo owned a beneficial interest in the property involved and the rights of these persons are materially affected by the adjudication of the issues involved. The bill alleges and the proof shows that Nina McAdoo held the legal title of the property in trust for the two children, Nina Josephine and William Dalton. These beneficial owners were indispensable parties to the suit.

In Robinson et al. vs. Howe, et al., 35 Fla. 73, 17 Sou. 368, this Court held:

"The general rule in equity is that all persons materially interested, either legally or beneficially, in the subject-matter of a suit must be made parties either as

complainants or defendants, so that a complete decree may be made binding upon all parties.

The court cannot adjudicate directly upon the rights of necessary and indispensable parties without having them actually or constructively before it, and the failure to raise the objection of the absence of such parties by demurrer or answer is not a waiver of the right to make such objection before final decree, or even on appeal."

In Rawls vs. Tallahassee Hotel Company, 43 Fla. 288, 31 Sou. 237, this Court held:

"A decree rendered in the absence of an indispensable party will be reversed, and an objection of this character can be urged for the first time in an appellate court, or be considered by the court of its own motion."

See also Yager vs. North & South Alafia River Phosphate Co., et al., 82 Fla. 38, 89 Sou. 340.

Under the authority of the opinion in the case of Mercer vs. Keynton, 99 Fla. 914, 127 Sou. 859 and cases there cited, we must hold that Birdie N. Moses is estopped from maintaining injunction relief against Nina McAdoo as Trustee because of laches. We must also hold that Birdie N. Moses is estopped from maintaining her injunction relief against Nina McAdoo as Trustee because J. E. Moses while in possession of the lots now owned by Birdie N. Moses under a contract for purchase waived by written agreement all the benefits of the restrictions alleged to exist. A party claiming title under one who is estopped will also be bound by the estoppel. See Key West Wharf & Coal Co. vs. Porter, 63 Fla. 448, 58 Sou. 599; Huddleston vs. Graham, 73 Fla. 350, 74 Sou. 441; Tillman vs. Niamira, 99 Fla. 833, 127 Sou. 855.

For the reasons stated, the decree should be reversed. It is so ordered.

Reversed.

WHITFIELD, P.J., AND TERRELL, J., concur.

STRUM, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.