HILLSBOROUGH COUNTY, State of Florida, a governmental corporation, et al, *Appellants*, vs. PAL MERE, INC., a corporation, *Appellee*.

Division B.

Opinion filed May 29, 1931.

*Sutton, Tillman & Reeves,* of Tampa, for Appellants; *Macfarlane, Pettingill, Macfarlane & Fowler,* of Tampa, for Appellee.

DAVIS, J.—The controlling question in this case is whether or not the Board of County Commissioners, after

default by a contractor with the county, for the paving of highways, had the right to waive such default and relieve the contractor from liability for demurrage charges agreed on as liquidated damages for not completing the work on time.

The contracts in this case were absolute and unconditional. They provided that the work should be completed for final acceptance on or before December 31st, 1925. The work was not completed until about January 1st, 1927. Each agreement contained a clause which read as follows:

"FAILURE TO COMPLETE WORK ON TIME. It is understood and agreed that the time limit for the completion of the work herein provided for is of the essence of this contract, and in case the Contractor shall fail to complete the work hereunder, within the time aforesaid, he agrees to pay the County the sum of Twenty Dollars for each and every day the time consumed in said performance and completion exceeds the time hereinbefore allowed for that purpose, which said sum, in view of the difficulty in ascertaining the loss, which the County will suffer by reason of delay in the preformance of the work hereunder is hereby agreed upon, fixed and determined by the parties hereto as liquidated damages that the County will suffer by reason of said delay and default, and not as a penalty; and the County shall and may deduct and retain the amount of such liquidated damages out of the monies which may be due or become due under this contract."

Thus time of performance was made the essence of the contract and there were no exceptions made in the contract for delays on account of strikes, embargoes or other causes which exceptions are usually inserted in undertakings of this kind to protect the contractor.

While there was a provision by which the County Commissioners could extend the time for completion of the work, this provision was not invoked in accordance with the contract and no extension was made or attempted prior to the occurrence of the default.

The work was to be paid for by special assessments against property owners for the paving, and such property owners consequently had a vital interest in the execution of the contract according to its terms.

It is well settled that where a contract is made for public improvements, which provides for a certain time for completion, that such time of completion cannot be waived by the public authorities to the prejudice of taxpayers after a breach has occurred.

In such cases the rule is that a tax payer has the right to stand on his original rights and demand that the contract be enforced as written. Paul v. Burress (Mo.) 132 S.W. 330; Kelso v. Cole, (Cal.), 53 Pac. 353; Barber Asphalt Paving Co. vs. Hayward (Mo.), 154 Pac. 140; Board v. Branaman (Ind. App.) 79 N.E. 923; Heman v. Gilliam (Mo.), 71 S.W. 163.

The County Commissioners of Hillsborough County were under the duty and obligation to see that the contracts made were strictly complied with. They also had such rights to grant and make such concessions in favor of the contractor as were expressly reserved in the contracts themselves, but no others. Embargoes and other contingencies might have been good causes for which they could have granted extensions during the course of performance but the contractor failed to ask for any such extensions within such time. Neither did the County Commissioners undertake to take cognizance of the situation and grant an extension without request.

Pal Mere, Inc., as a tax payer had the right to object to waivers of damages which when granted would have increased their tax burden beyond the scope and terms of the contracts as written and intended to be executed.

The County Commissioners beyond doubt acted in good faith in extending leniency to the contractor, and the contractor appears to have had reasonable excuse for his delay on account of embargoes, but at the same time, the contract itself fixed the rights of all the parties in interest, including the tax payers. The rights of the tax payers cannot be granted away to their prejudice in favor of the contractor, regardless of the merit of the contractor's claim, unless the contract itself authorizes such action.

As we have seen, the contracts do not so provide and therefore the County Commissioners exceeded their lawful powers in the premises. The decree of the Chancellor was correct in enjoining such excess exercise of authority and it is therefore affirmed.

Affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.