HILLSBOROUGH COUNTY v. MEMORIAL HEIGHTS DEVELOP-
MENT CO.

154 So. 188.
Opinion Filed March 9, 1934.

*Sutton, Tillman & Reaves,* for Appellants;

*Macfarlane, Pettingill, Macfarlane & Fowler,* for Appellee.

BUFORD, J.—The appeal here is from a final decree entered after certain parts of an amended answer had been stricken. The amended answer was filed in response to a bill of complaint which sought to enjoin the issuance of any paying certificates as evidencing a lien against certain

described property and the making any assessments against that property for the purpose of paying such certificates.

It was alleged that the paying certificates were about to be issued by the board of county commissioners under the provision of Chapter 9316, Acts of 1923, and that assessments were about to be made against the property to provide payment of the certificates.

It was alleged that the legislative Act under which the improvements had been accomplished and under which the certificates were about to be issued and the assessment was about to be levied was unconstitutional and void because it had never been passed by both branches of the Legislature as required by the Constitution. This legislative Act was held invalid by this Court in the case of Hillsborough County, *et al.*, v. Temple Terrace Assets Co., opinion filed July 12, 1933, reported 149 Sou. 473.

Motion to strike parts of the amended answer was granted.

There were fourteen parts of the amended answer stricken. The first and second of these sought to set up as a matter of defense that the assessment about to be made had been ordered so made by the Supreme Court of Florida in affirming the decree of the Circuit Court filed July 28, 1928, in the case of Pal-mere, Inc., a corporation, v. Hillsborough County, 101 Fla. 736, 135 So. 522, and that the lots involved in this suit were a part of the same lots which were involved in the suit of Pal-Mere, Inc., v. Hillsborough County and that the complainant in this suit was at the time the holder of the mortgage on those lots and had knowledge of that litigation.

These portions of the amended answer were properly stricken because the question of the validity of the statute, Chapter 9316, *supra,* was not presented for determination

in that suit and neither was complainant in this suit a party to that suit.

The third, fourth, fifth, sixth and seventh portions of the answer stricken attempt to set up as defense that the paving for which the assessment is sought to be made and for the payment of which the certificates are sought to be issued, was performed under provision of Chapter 9316, *supra,* and that the complainant had full knowledge of all things connected therewith and raised no objection to the performance of the contract which culminated in the paving, and that by such conduct complainant acquiesced in all that was done in that regard and is now estopped to deny liability.

These portions of the amended answer were properly stricken because if there was no legislative Act authorizing the contract for the paving and no legislative Act authorizing the assessment to be made, or authorizing the issuance of the certificates, then the complainant, although knowing that the work was being done also is assumed to have known that there was no legal obligation being incurred upon his part for the payment thereof. The complainant here was not a party to the contract under such conditions.

The other allegations of the amended answer which was stricken attempt to present the issue of laches that the complainant has not come into court of equity with clean hands. Neither contention is tenable. The complainant in this case moved to enjoin immediately upon the defendant's undertaking to levy a tax assessment against the property and undertaking to issue paving certificates against the property and before any assessment had been levied, or any certificates had been issued. In other words, the record shows that the complainant moved in time to prevent any apparent lien attaching to the property involved.

We know of nothing to be gained by an extended discussion of questions which have been heretofore determined by this Court. The question of the right of the property owner or a lien holder to move against the enforcement of an unconstitutional Act of the Legislature was fully discussed in the case of Weinberger v. Board of Public Instruction, 93 Fla. 470, 112 Sou. 253.

The Act under which this assessment and the issuance of certificates is sought to be had was definitely held to have never become a law in the case of Hillsborough County v. Temple Terrace Assets Co., *supra,* and, therefore, was never the lawful basis for any assessment or for the issuance of any improvement certificates.

Therefore, the decree should be affirmed, and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.