GEORGE M. EVANS, *et ux.*, v. HILLSBOROUGH COUNTY.

186 So. 193.

Division A.

Opinion Filed October 10, 1938.

Rehearing Denied December 27, 1938.

*J. B. Norman,* for Appellants;

*John W. Cone, Henry C. Tillman* and *W. F. Himes,* for Appellee.

BUFORD, J.—From an order denying motion to dismiss bill of complaint the defendant in the court below entered appeal. The order appealed from was as follows:

"The motion to dismiss the bill of complaint in the above entitled cause was this day argued before the Court by counsel for the respective parties.

"The court is of the opinion that the facts alleged in the bill of complaint in this case render the same distinguishable from the decisions in Hillsborough County v. Memorial Heights Development Company, 154 So. 188, and Hillsborough County v. DeSear, 162 So. 703, and is controlled by the rule announced and given effect in Sheppard v. Barron, 194 U. S. 553, Sellers, *et al.,* v. Cox, *et al.,* 56 S. E. 284, and other like authorities including Abell v. Town of Boynton, 117 So. 507, Lyle, *et al.,* v. Hunter, 136 So. 633, Connelly v. Special Road & Bridge Dist., *et al.,* 126 So. 794, and McAdoo v. Moses, 132 So. 638. It is now, therefore,

"ORDERED, ADJUDGED AND DECREED that the motion to dismiss the bill of complaint be and the same is hereby denied.

"DONE AND ORDERED at Tampa, Florida, this July 22, 1938."

The appellant states one question for our determination, as follows:

"May a lien be properly decreed to exist and enforced in equity by foreclosure for the amount payable as principal and interest upon a paving certificate, issued against a tract

of real estate for its proportionate share of the cost of grading, paving and curbing a public road in Hillsborough County, upon which such real estate abuts, where the improvement was installed, the cost was assessed against the abutting property, and certificates of indebtedness were issued, pursuant to the provisions of Chapter 9316, Acts of 1923, as a supposed constitutional legislative enactment but which statute has been adjudged not so to be?"

Appellee submits that there should be sub-joined thereto, the following statement:

"Where the additional facts are that the installation of such improvement, together with all that was done was by reason of, in response to, and in conformity with the written request, agreement and acquiescence of the owner of the entire property abutting on both sides of the road improved who invoked the employment of the statute, and who, together with the successors in title of such owner, with full knowledge thereof, acquiesced in all that was done, and the defendant owner is charged with knowledge of and bound by what had transpired."

The facts involved may be succintly stated, as gleaned from the allegations of the bill of complaint and stated in the briefs, as follows:

Ferncroft Avenue, between designated *termini*, the same being a continuous portion of a public road in Hillsborough County outside the limits of any municipality, was graded, paved and curbed, the cost thereof assessed against the property abutting thereon in proportion to its frontage thereon, and certificates of indebtedness consequent upon such assessments were delivered to the contractor in payment for his work in installing the improvement, in strict conformity with the provisions of Chapter 9316, Laws of Florida, Acts of 1923, in response to and only by reason of the written request, agreement and acquiescence of Beach

Park Company, the owner of the entire property abutting on both sides of the road thus improved, evidenced by the written petition signed by the Beach Park Company and filed with the Board of County Commissioners of Hillsborough County on June 27, 1924. The work was done by Cone Brothers, the contractor, in response to bids requested by the Board of County Commissioners. In accordance with the contract, certificates of indebtedness against the abutting property were delivered to and accepted by the contractor in payment for the work done, amounting to $4184.62, the total cost of the work. One of the certificates so issued, No. 8147, dated September 2, 1927, for the principal sum of $756.16, embracing lot 25 of Block 20 of Beach Park unit No. 2, was acquired by purchase by Hillsborough County from Cone Brothers in November, 1931, more than four years after the issuance and delivery of the certificates to the contractor in payment for his work. Foreclosure of such certificate was sought by the appellee, Hillsborough County, by the bill of complaint filed in this cause, to which bill the appellants were made defendants. The defendant, appellant George M. Evans, was the owner of the lot at the time the bill of complaint was filed, and the appellant, Mary Evans, is his wife. The Beach Park Company, which had acquired the entire abutting property before the improvement of the road, sold and conveyed the lot involved on April 28, 1925, to Lillian O. Young. Thereafter, Lillian O. Young, joined by her husband, sold and conveyed the lot on March 18, 1927, to Tampa Coal Company. The defendant, George M. Evans, acquired title from the Tampa Coal Company by quit claim deed executed May 5, 1938.

The certificate sought to be foreclosed remains unpaid both as to principal and interest, and no part of the cost of grading, paving and curbing of the road adjacent to said

lot has been paid to the contractor or to Hillsborough County.

Following the completion of the grading, paving and curbing of the road, in strict conformity with the provisions of Chapter 9316, the Board of County Commissioners assessed the entire cost of the improvement against the property abutting on the road in proportion to frontage. Notice of such assessment was given both by newspaper publication and by mail to the owners, with advice of the date upon which certificates were proposed to be issued in accordance with the assessments and that any interested person might make any valid objection to the issuance of any of the certificates at any time prior to the issuance thereof No objection was interposed by anyone to the issuance of any of the certificates. Such certificates issued, and record thereof was made in the public road improvement lien book and thereafter the certificates were delivered to and accepted by the contractor.

The petition in response to which the road was improved and except for which the road would not have been improved, by reference to Chapter 9316 by the quotation of the title, in reality incorporated the provisions of such chapter into the petition, and the petition furthermore embodied the declared understanding of the petitioner "that the total cost of such improvement, including the paving of the road, grading and curbing and the paving of road and alley intersections and all other costs that are incident to this work will be paid for by the owners of the abutting property," which was tantamount (as borne out by the authorities to be hereafter cited) to an *agreement* on the part of the petitioner that the entire cost of the improvement be assessed against its property in accordance with the front foot rule.

The improvement was made, the cost assessed and the

certificates delivered to the contractor in payment for the work "without the withdrawal before the same was done of the asking of said petition and without any dissent thereto or objection made to said Board by or on behalf of any property owner to the same being done or the cost thereof being assessed as hereinbefore alleged."

Before and at the time of the sale and conveyance by the Beach Park Company to Lillian O. Young of the lot involved, the grantee had knowledge of the petition which had been filed, the action of the Board in accepting and granting the same, and that said Board had contracted therefor and was about to and would cause said road to be improved as petitioned for and assess the entire cost thereof against the abutting property. Before and at the time of the sale and conveyance of the lot by the said Lillian O. Pomeroy (nee Young) joined by her husband, to Tampa Coal Company, said Tampa Coal Company had knowledge of the facts last mentioned and that said improvement was in process of being made and nearly completed. The conveyance of the lot to the defendant, George M. Evans, by Tampa Coal Company was a mere quit claim deed and purported to do no more than to release and quit claim to the grantee such right, title and interest as the grantor then had.

The provisions of Chapter 10,139 and 12,207, Laws of Florida, Ac.s of 1925 and 1927, were by their terms applicable to the validation of the proceedings which had been theretofore had. The allegations of Section II, paragraph (j) of the bill of complaint, were as follows:

"(j) That under the facts herein set forth, plaintiff acquired and holds a lien against said Lot 25, Block 20, of Beach Park Unit No. 2, for the principal sum of $756.16, with interest thereon from September 2, 1927, at the rate of 8% per annum, and is entitled to a decree that said lot

be sold to pay the same and that said principal sum and the interest thereon be paid out of the proceeds of the sale of said lot, which said sum of $756.16 is the cost of the improvement of said lot as aforesaid and the amount assessed against said lot as the cost of said improvement, and is the amount of the certificate aforesaid; that in equity and good conscience the Beach Park Company and its successors in title, including the defendants to this suit, should be and are precluded and estopped from challenging the validity or constitutionality of said legislative act pursuant to which said lot was improved as aforesaid and the cost thereof assessed against the same, and the validity of the assessment of said cost against the said lot and the issuance of the certificate aforesaid, all of which was done at the specific request and agreement of said Beach Park Company with the knowledge and acquiescence of the privies in title of said Beach Park Company, that said Beach Park Company well knew, when its said petition was filed with and granted by the Board of County Commissioners of the plaintiff County and the work petitioned for was undertaken to be done as hereinbefore alleged, that said petition would not have been granted and said work would not have been done except for the fact that the plaintiff County and its officers relied upon the cost thereof being assessed against and paid by the improved property, and particularly that the said petition would not have been granted or said work done had the plaintiff County and its officers known or had reason to believe that the owners of the property so improved would challenge the right of the plaintiff County to assess the cost thereof against said abutting property and issue and deliver certificates of assessment therefor to the contractors in payment for the work so done, and that plaintiff particularly alleges that said Beach Park Company and its privies in title herein named stood by and saw said property improved

with knowledge that the cost thereof would be assessed against said property, and utterly failed to object to or protest against the said improvement being made, the cost thereof being assessed against said property, and certificates of assessment being delivered to the contractors in payment for the work so done."

The petition alleged to have been executed by the Beach Park Company for the paving of the road involved was as follows:

"To The Honorable Board of County Commissioners of the County of Hillsborough, Florida:

The petition of the undersigned respectfully shows that they own two-thirds or more of the property abutting on Ferncroft Ave. from the South line of lot One block 19 to South line of paving facing lot One of block Twenty, the same being a continuous portion of a public road of Hillsborough County, Florida, and that for a width of 20 feet they desire said continuous portion of said road paved with $2\frac{1}{2}$ inch asphalt block, with concrete curbing, laid on 4 inch rock base and that said continuous portion of said road be graded and curbed, and that elevated rounded concrete curbing be used.

"Wherefore, in accordance with the provisions of a law enacted by the Florida legislature at its regular session of 1923 entitled 'An Act to Provide for the Paving of the Public Roads Outside the Corporate Limits of Municipalities and for Assessing the Cost Thereof Against Abutting Property Owners in Counties of not Less than Seventy-Five Thousand nor More than One Hundred Thousand, According to the Federal Census of 1920, and Giving the Board of County Commissioners of Such Counties Full Power and Authority Therefor,' your petitioners pray you to grant said petition and order the hereinbefore said con-

tinuous portion of said public road paved with 2½ inch asphalt block curbed and graded as requested.

"It being fully understood that the total cost of such improvement, including the paving of the road, grading and curbing, and the paving of the road and alley intersections, and all other costs that are incident to this work will be paid for by the owners of the abutting property, and that the width of the road, the type of paving and other details will be in accordance with the plans and specifications prepared by the Engineer and adopted by the Board of County Commissioners of Hillsborough County, Florida."

It will be observed that the allegations in the bill of complaint show that Beach Park Company was the owner of the involved property at the time the improvement was made and was not only cognizant of the progress of the work but was a moving party to procure the improvement. The Beach Park Company conveyed to Lillian O. Young, who was alleged to have been cognizant of all the pertinent facts and who likewise conveyed to Tampa Coal Company. which company, it is alleged, was also cognizant of all the involved facts and the Tampa Coal Company conveyed by quit claim to the appellants.

It is well settled in this jurisdiction that party claiming title under one who is estopped will also be likewise estopped. McAdoo v. Moses, 101 Fla. 936, 132 Sou. 638. Also see Webb, et al., v. Scott, 129 Fla. 111, 176 Sou. 442, and cases cited in these cases.

It is also settled in this and other jurisdictions that a statute found on statute books must be presumed to be valid and must be given effect until it is judicially declared unconstitutional. City of Sebring, et al., v. Wolf, 105 Fla. 516, 141 Sou. 736, and cases there cited.

The right to challenge the constitutionality of a statute on grounds which are personal to the owner of property is

a right which may be waived by the owner. City of Sebring v. Wolf, *supra;* Abell v. Town of Boynton, 95 Fla. 984, 117 Sou. 507.

The case of Hillsborough County v. Memorial Heights Development Co., 114 Fla. 251, 154 Sou. 188, is to be differentiated from this case because the property owner in Memorial Heights case was not shown to have actively participated in procuring the improvements and had not thereby consented to the assessment against its property. And it is also to be differentiated from the case of Hillsborough County, *et al.,* v. DeSear, *et ux.,* 120 Fla. 317, 162 Sou. 703, because in that case we pointed out that the property owner had only conditionally consented to the improvement and assessment in that although the property owner had signed a petition for the improvement to be made and the cost thereof to be assessed against adjoining property owners, the petition could only have become effective when executed by a sufficient number of property owners in the affected area, which number was never obtained, and as the condition was never met which would have served to make the property owners' agreement binding upon him and constituted an estoppel.

In Turner v. Sievers, 73 Ind. A. Rep. 30, 126 N. E. 504, the Court said:

"But appellant contends that even if it be determined that the city of Valparaiso was without authority to make the improvement in question, because made on private property, the assessment is valid, and enforceable nevertheless. He bases this contention in part on a claim that appellee, with knowledge that the alleged street was being improved by the city, and that an attempt would be made to assess the cost thereof against the abutting real estate, stood by during the progress of the work without making any objections thereto, and by reason of that fact is estopped to deny

that the city did not have title to the alleged street. It may be conceded that an owner of property may be estopped, by his conduct, from questioning the validity of an assessment against the same although it is void because there was no actual legal authority upon which it could rest, if there is color of law to sustain the proceeding upon which such assessment is based. Unconstitutional laws, or those repealed by implication or susceptible of more than one meaning, which have not been passed upon by the courts, and by reason of such fact, might cause persons to be misled and to act to their disadvantage, furnish illustrations of what is meant by the terms 'apparent authority' or 'color of law.' Wilt v. Bueter (1916) 186 Ind. 98, 111 N. E. 926, 115 N. E. 49."

In Shepard, et al., v. Barron, 194 U. S. 553, 48 L. Ed. 1115, the Supreme Court of the United States considered on appeal a judgment dismissing a bill to enjoin a County Treasurer from proceeding to collect the balance of an assessment for public improvement on the ground that the frontage rule of assessment prescribed by the statute under which the improvement was made operated as a denial to due process of law. The judgment there was affirmed.

In the opinion in that case the Court said:

"The facts upon which the defense rests are above set forth at length, not including the paper, which does not appear to have been received in evidence. A defense of this nature and upon these facts need not be placed entirely upon the strict and technical principles of an estoppel. While it partakes very strongly of that character, it also assumes the nature of a contract implied from the facts, by which the party obtaining the benefit of the work agrees to pay for it in the manner provided in the statute under which it is done, even though the statute turn out to be unconstitutional. It does not in the least matter what we may call the defense,

whether it be estoppel or implied contract, or one partaking of the nature of both, the result arrived at being that the plaintiffs are told that under all the facts proved in the case they cannot set up the uncons itutionality of the act, or that they are bound by their contract to pay the assessment. Where, as in this case, the work is done and the assessment made at the instance and request of the plaintiffs and the other owners, and pursuant to an act (in form, at least) of the legislature of the state, and in strict compliance with its provisions, and with the petition of the land-owners, there is an implied contract arising from such facts that the party at whose request and for whose benefit the work has been done will pay for it in the manner provided for by the act under which the work was done.

"In this case the manner of payment was, as provided for in the act, by an assessment upon the land by the foot front. The money thus collected would form a fund to be used to pay the bonds which were to be issued in accordance with the act by the county commissioners, acting for the county. The county thus became the debtor for a debt which was incurred entirely for the benefit, and at the request, of the owners of the land. Under such facts the county has the right to look at the assessment upon the land as the fund out of which to pay the bonds. In this view the constant and frequent promises and representations made by the plaintiffs after the work was embarked upon are material evidence of the implied contract to pay for the work, arising from the request for its performance. It is, therefore, upon these facts, immaterial that the law under which the proceedings were conducted was unconstitutional, because the work was done at the special request of the owners, under the provisions of the act, and upon a contract, both implied and in substance expressed, that the

bonds would be paid, and the assessment to be imposed for the raising of a fund to pay them would be legal and proper.

"Although the land-owners have been greatly disappointed in the results of the improvement, and the affair has proved somewhat disastrous, yet they have obtained just such an improvement as they asked' for and expected, and they are the ones to bear the disappointment and loss."

The principle of estoppel in such cases is upheld by Ballentine v. City of Columbia, 102 S. C. 88, 129 S. E. 82; Metropolitan Life Ins. Co. v. City of Charlotte, 213 N. C. 497, 196 S. E. 809; Columbus v. Mitchell, 31 O. St.' 592; Ebenburg v. Little, 28 Pa. Sup. Ct. 469; Mott, et al., v. Hubbard, Treasurer, et al., 59 O. St. 199, 53 N. E. 47; Manley, et al., v. Heddington, Treasurer, et al., 191 Iowa 68, 181 N. W. 781; Board of County Commissioners of Wyandotte Co., et al., v. Hoag, 48 Kan. 413, 29 Pac. 758; Motz v. City of Detroit, 18 Mich. Rep. 494; Mathews v. Kimball, et al., Commissioners, 70 Ark. 451, 66 S. W. 651; Henshaw v. Holt, 262 Ky. 19, 89 S. W. (2) 313.

In the latter case it was held:

"Land-owner who was party to original proceeding for establishment of drainage ditch and was recipient of benefits of ditch could not challenge constitutionality of act under which ditch was authorized."

On the record as now before us, we should not attempt to say whether or not there has been an assessment of benefits which will support a decree for the face amount of the certificate and, therefore, we refrain from expressing an opinion as to the amount which may be recovered or for which the lien may be adjudicated.

For the reasons stated, the order appealed from should be, and is, affirmed.

So ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

BROWN and CHAPMAN, J. J., concur in the opinion and judgment.

WHITFIELD, P. J., not participating:

BROWN, J., (concurring)—I do not think it necessary to resort to estoppel, strictly speaking, in this case. It seems to me that all the elements of a contract were present, regardless of the validity of the statute, and that a lien was created by the agreement under which the street improvement was made.

### ON PETITION FOR REHEARING

PER CURIAM.—On Petition for Rehearing it is contended that it is incumbent upon this Court to answer the question,

"May a lien be properly decreed to exist and enforced in equity by foreclosure *for the amount payable as principal and interest* upon a paving certificate?

In our original opinion we closed by saying:

"On the record as now before us, we should not attempt to say whether or not there has been an assessment of benefits which will support a decree for the face amount of the certificate and, therefore, we refrain from expressing an opinion as to the amount which may be recovered or for which the lien may be adjudicated."

We may add to what was said there that we hold, however, that the paving certificates involved may be received as *prima facie* evidence of a correct assessment of benefits. The law is well settled that assessments of benefits may be made on the front foot rule, as they appear to have been made in this case.

The law is also well settled fixing the mechanics by which

assessments of benefits according to the front foot rule are to be determined.

It, therefore, follows that applying the rationale of our original opinion and taking the certificate as *prima facie* evidence of a correct amount of the assessments of benefits under the contract, the contracting land-owner may question the correctness of the certificate either upon the ground that the certificate is based upon front footage greater than that which is occupied by the involved lands abutting the improvement, or that the cost of the improvement was less than the amount upon which the certificate was based.

With these provisions considered as added to our original opinion, the petition for rehearing is denied.

So ordered.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.