QUESTIONS:
1. Does s. 104.35, F.S., prohibit newspapers from publishing paid political advertisements on election day that contain messages against any candidate?
2. Does s. 104.35, F.S., prohibit newspapers from publishing news columns or stories on election day that include quoted statements against any candidate?
SUMMARY:
The provisions of s. 104.35, F.S., prohibit the publication by a newspaper on election day of political advertisements, messages, or quoted statements against a candidate regardless of whether such advertisements or messages are paid for or not. In the absence of a court decision to the contrary, s. 104.35 must be presumed to be a valid and enforceable enactment of the legislature.
Since your questions are interrelated they will be considered together.
Section 104.35, F.S., provides:
"It shall be a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, for any candidate or any other person to distribute or cause to be distributed on the day of any election any pictures, cards, literature, or other writing against any candidate."
I have no doubt that the phrase "or other person" includes persons who publish and distribute newspapers. Similarly, it seems clear that the phrase "any pictures, cards, literature, or other writing against any candidate" includes all such material, whether paid for or not, or whether or not the material is quoted from another source. Therefore, I am of the view that the publication by a newspaper on election day of either of the types of messages or statements about which you inquire would be violative of the terms of s. 104.35, F.S.
I am not aware of any court decision which has interpreted the scope of s. 104.35, F.S., or ruled on its validity. The case of Mills v. Alabama, 384 U.S. 214 (1966), to which you allude in your letter, does not appear to be dispositive of any question with respect to the validity of s. 104.35. The statute before the court in the Mills case prohibited all electioneering on election day "in support of or in opposition to any proposition" that was being voted on; and it was found to be invalid as applied to the publication of an editorial on election day urging people to vote in favor of a change in the form of city government. The conduct prohibited by the Alabama statute before the court in the Mills case is not prohibited by s. 104.35; and, accordingly, a decision invalidating the Alabama statute is not dispositive of the question of the validity of s. 104.35. Further, although the point is not decided, there is language in the Mills case which suggests that a state may validly protect the electorate "from confusive last-minute charges and countercharges."
As you know, legislative enactments are presumptively valid; and even the judiciary will not rule upon the validity of a statute except in an adversary proceeding in which the constitutional question is properly presented and must be decided in order to determine the controversy. As noted in the very early case of Conn v. Chadwich Co., 17 Fla. 428, 434 (Fla. 1880), quoting Chief Justice Marshall,
"If [constitutional questions] become indispensably necessary to the case the court must meet and decide them; but if the case may be determined on other points, a just respect for the Legislature requires that the obligation of its laws should not be unnecessarily or wantonly assailed."
And, as succinctly stated by the Florida court in Evans v. Hillsborough County, 186 So. 193 (Fla. 1938), a statute found on the statute books must be presumed to be valid and must be given effect until it is judicially declared unconstitutional. Accordingly, in the absence of any judicial decision to the contrary, it would be inappropriate for this office to attempt to detract from the presumption that s. 104.35, F.S., is a valid and enforceable enactment of the legislature. It should be noted, however, that the decision of the Florida Supreme Court in Tornillo v. Miami Herald Publishing Co., 287 So.2d 78 (Fla. 1973), in which the court upheld the validity of the related provisions of s. 104.38, F.S., is now on appeal to the United States Supreme Court. The ultimate decision in that litigation may be expected to provide some guidance with respect to the treatment which will be given to the statute in question if and when it comes before the courts.