QUESTIONS: 1. Does the sheriff of Volusia County have the right to a budget appeal to the Administration Commission pursuant to s.30.49, F.S.? 2. May the county finance officer of Volusia County require the sheriff to surrender custody of public funds in contravention of s. 30.53, F.S.?
SUMMARY: Under the Volusia County Home Rule Charter Act, Ch. 70966, Laws of Florida, the Sheriff of Volusia County serves as the head of the Department of Public Safety and is not entitled to the benefits granted to the constitutional office of sheriff by ss.30.49 and 30.53, F.S., relating to the sheriff's budget and the purchase of supplies and equipment for the office. Section 30.49, F.S., as amended by Ch. 74-103, Laws of Florida, gives to a sheriff of this state the right to appeal to the Administration Commission an adverse ruling by the board of county commissioners on his proposed budget of expenditures for the next fiscal year; and s. 30.53, id., provides that "[t]he independence of the sheriffs shall be preserved," among others, in the purchase of supplies and equipment for the office. Under Art. VIII, s. 1(g), State Const., counties operating under county charters "shall have all powers of local self-government not inconsistent with general law, or with special law approved by vote of the electors." This means, necessarily, that there shall be no inconsistency with general laws "except insofar as there is express constitutional authority — either in Art. VIII, State Const., or some other constitutional provision — for a county charter to deal with the particular subject matter in question." Attorney General Opinion 071-109. Under the express authority of Art. VIII, s. 1(d), State Const., the constitutional offices of sheriff and county commissioner were abolished by the Volusia County Home Rule Charter Act, Ch. 70-966, Laws of Florida, and the duties of the offices were transferred to others — to the Department of Public Safety, in the case of the then sheriff. A seven-member county council was created to carry out the legislative duties of the board of county commissioners. The Charter Act provides that the county council shall "[r]eview the budgetary requests including salaries and make the final budgetary determinations and appropriations for all county governmental operations including, but not limited to county management, [and] all administrative departments of the government." (Emphasis supplied.) Also see ss. 1102, 1103 and Art. XI, Ch. 70-966. It also establishes a Department of Central Services to be responsible for, among others, purchasing for all departments and operations of the charter government. Section 601.1(5), Ch. 70-966. I have heretofore ruled in AGO 073-356 that the fact that the duties of a constitutional county officer are transferred by a county charter to another official when the constitutional office is abolished "does not change the existence of such duties," and that the officer to whom such duties are assigned must carry them out. I have indicated, however, that the provisions of general law applicable to a constitutional officer would not necessarily apply to an officer or department created by a county home rule charter to carry out the duties of an abolished constitutional official. In AGO 071-109, it was ruled that a county home rule charter could not withdraw from the sheriff and the county judge their respective authority to purchase supplies and materials for their offices, as such a provision would be contrary to the provisions of general law, ss. 30.53 and 44.07, F.S. It was noted parenthetically, however, that s. 1(d) of Art. VIII . . . apparently authorizes a home rule charter to abolish the office of sheriff and transfer the duties to "another office," in which event the provisions of the general law would no longer be applicable. (Emphasis supplied.) However, in answering your questions, it is not necessary to decide whether a home rule charter adopted under the authority of general law may supersede general-law provisions relating to the conduct of a constitutional county office (as distinguished from a general law imposing certain statutory duties upon that officer). The Volusia County Charter was adopted by the legislature as a special act prior to its approval by the electorate in a referendum election; and, as you know, a statute is presumptively valid "and must be given effect until it is judicially declared unconstitutional." Evans v. Hillsborough County, 186 So. 193, 196 (Fla. 1938). See also Art. III, s. 11(a), State Const., authorizing special acts relating to the election, jurisdiction, or duties of officers of "municipalities, chartered counties, special districts or local governmental agencies." (Emphasis supplied.) In these circumstances, I have no alternative but to conclude that your first question must be answered in the negative and your second question in the affirmative.