QUESTIONS: 1. Are the income requirements of s. 196.197, F.S., presently in force and constitutionally valid? 2. Are all charitable or religious facilities which devote more than half their space to care of the aged entitled to exemption? 3. Is any exemption for senior homestead exemption available to homes for the aged based on permanent and total disability?
SUMMARY: The "income test" requirements of s. 196.197, F.S., for exemptions from ad valorem taxation for homes for the aged have been held to be constitutionally invalid by the Florida Supreme Court in Presbyterian Homes of the Synod of Florida v. Wood, Case Nos. 44,718 and 44,775, Opinion filed June 12, 1974, rehearing denied August 9, 1974. The remaining criteria for tax exemptions for homes for the aged contained in Ch. 196, F.S., are still valid and must be met before an exemption from taxation may be granted to property owned by and used for a home for the aged. There is no "homestead exemption" for homes for the aged based on the total and permanent disability of the resident. In my opinion, all three questions, as stated, should be answered in the negative. Chapter 74-264, supra, reenacted s. 196.197(2), F.S., which provided that ad valorem tax exemption for homes for the aged would be limited to the extent that residency was restricted to individuals (sixty-two years of age or older) or couples (one of whom must be sixty-two years of age or older) with certain maximum annual incomes. The "income tests" were carried over unchanged from their initial enactment by Ch. 71-133, Laws of Florida. The effective date of Ch. 74-264, supra, was June 19, 1974. On June 12, 1974, the Florida Supreme Court filed its opinion in Presbyterian Homes of the Synod of Florida v. Wood, Case Nos. 44,718 and 44,775, and on August 9, 1974, it denied the petitions for rehearing which had been filed, thus making its June 12 opinion final. The Court held the "income tests" contained in s. 196.197(1), (2), and (3), F.S. 1971, to be unconstitutional, in violation of Art. VII, s. 3(a), State Const.: The conclusions we draw from the foregoing history and interpretations are that the present words, "predominantly used," in [Art. VII, s. 3(a)] 1968 Florida Constitution exclude an interpretation which restricts the criteria to an "income test" of the residents to be benefitted [sic] by residence in the home. Slip Opinion at page 5. The fact that Ch. 74-264, supra, reenacted the essential provisions of the "income tests" contained in s. 196.197(1), (2), and (3), F.S. 1971, declared to be unconstitutional by the court in the Presbyterian Homes case, does not serve to cure the constitutional invalidity of those provisions. [See] 30 Jur. Statutes s. 3 (1974). Thus, the "income tests" for exemption from ad valorem taxation for homes for the aged contained or referred to in s. 196.197(2), (3), and (5), F.S., as reenacted by Ch. 74-264, supra, are not constitutional under the court's ruling in Presbyterian Homes of the Synod of Florida v. Wood, supra. It should be noted that the court did not speak to the age requirement contained in s. 196.197(1), (2), and (3), F.S. 1971, for residents of homes for the aged, but only to the "income test" portions thereof. In light of this, and in light of the specific references to and approval of the court's earlier holding in Jasper v. Mease Manor, Inc., 208 So.2d 821 (Fla. 1968), that a minimum age requirement of sixty-two for residents of homes for the aged was valid, I am of the opinion that the age requirements contained in s. 196.197 have not been held to be unconstitutional and, therefore, they remain in force and effect. Moreover, a statutory provision found on the statute books is presumptively valid and must be given effect until it is judicially declared unconstitutional. Evans v. Hillsborough County, 186 So. 193 (Fla. 1938). The court, in Presbyterian Homes, supra, did not hold that all charitable or religious facilities which devote more than half their space to care of the aged are entitled to exemption from ad valorem taxation. The court merely held that the income criteria or requirements were constitutionally invalid and cannot be used in determining whether a home for the aged is entitled to an exemption from ad valorem taxation. Homes for the aged must continue to meet the remaining relevant requirements of Ch. 196, F.S., in order to be granted exemption from ad valorem taxation. Slip Opinion at pages 8- 9. Under the provisions of s. 196.197, F. S., as amended by Ch. 74- 264, supra, there is no "homestead exemption" available to homes for the aged based on the total and permanent disability of the resident. Compare ss. 196.031(3)(b), and 196.197(4), as amended by Ch. 74-264, supra. However, s.196.197(1)(c) and (d), F.S. 1971, provided: (1) Homes for the aged shall be exempt only to the extent that residency in the applicant home is actually restricted to: * * * * * (c) Persons who are totally and permanently disabled and have gross incomes of not more than five thousand dollars per year; and (d) Couples, one or both of whom are totally and permanently disabled, having a combined gross income of not more than six thousand dollars per year. (Emphasis supplied.) These provisions were carried over unchanged as s. 196.197(2)(c) and (d), F.S., by Ch. 74-264, supra. After excising the income tests, italicized above, as unconstitutional under the Presbyterian Homes decision, supra, it is my opinion that the remaining provisions for tax exemption where the resident(s) is (are) totally and permanently disabled, as defined by s. 196.012(10), F.S., are still valid.