QUESTION: May a person be disqualified from being employed as a police officer due to a dishonorable military discharge?
SUMMARY: Pursuant to Ch. 74-386, Laws of Florida [s. 943.13(4), F. S. (1974 Supp.)], and former s. 23.068(4), F.S., a person who has been released or discharged under any other than honorable conditions from any of the armed forces of the United States is not qualified for employment as a police officer [as defined in s. 23.061(1), F.S., and in s. 943.10(1), F.S. (1974 Supp.), as created by Ch. 74- 386.] The Police Standards Council was created by Ch. 67-230, Laws of Florida, which also created and set forth in s. 23.068, F.S., qualifications for employment as a police officer [as defined in s. 23.061(1), F.S.; see also s. 943.10(1), F.S. (1974 Supp.), as created by s. 7(2), Ch. 74-386, Laws of Florida] in the State of Florida. One such qualification was that any person employed as a police officer shall "not (have) been released or discharged under any other than honorable conditions from any of the armed forces of the United States." Section 23.068(4), F.S.; see also s. 943.13(4), F.S. (1974 Supp.), as created by s. 7(7), Ch. 74-386, Laws of Florida. The council was renamed the Police Standards Board by Ch. 73-333, Laws of Florida. The Police Standards Board has been abolished and s. 23.068, F. S., has been repealed by Ch. 74-386, Laws of Florida, which creates in its stead the Police Standards and Training Commission within the Department of Criminal Law Enforcement. See s. 943.11, F.S. (1974 Supp.), as created by s. 7(3), Ch. 74-386, Laws of Florida; see also s. 13, Ch. 74-386. In addition, qualifications for employment as a police officer are set forth in s. 7(7), Ch. 74-386, to be known as s. 943.13, F.S. (1974 Supp.), which include an identical provision to that found in former s. 23.068(4), F.S., cited above. Chapter 74-386, Laws of Florida, took effect on August 1, 1974. In my opinion, the legislature did not intend to effect any changes in the qualifications for employment of police officers prescribed by former s. 23.068(4), F.S., when it adopted the identical language as s. 7(7), Ch. 74-386. These qualifications have remained in effect continuously since 1967 and carry over under Ch. 74-386. In interpreting an act which consolidates and revises a former act but which utilizes substantially the same terms and provisions as the former act, the revision is considered a continuation of the former act even though the former act is expressly repealed. Thus, when a statute is expressly repealed but when some of its provisions are reenacted, as is the case here with Ch. 74-386 reenacting s. 23.068(4), F.S., the repeal is neutralized and the reenacted provisions remain continuously in effect. See 30 Fla. Jur. Statutes s. 157 (1974 edition).
The statute is clear and unambiguous by its very terms, and it is a well-settled rule of statutory construction that a statute which is clear on its face should not be interpreted by a court and only those statutes which are of doubtful meaning are subject to the process of statutory interpretation. See Ervin v. Capital Weekly Post, 97 So.2d 464 (Fla. 1957); City of St. Petersburg v. Briley, Wild Associates, Inc., 239 So.2d 817 (Fla. 1970). To my knowledge, the former s. 23.068(4), F.S., has never been challenged, and it has never been judicially declared invalid by any Florida or federal court. As declared by the Florida Supreme Court in the case of Evans et ux. v. Hillsborough County,186 So. 193 (Fla. 1938), a statute is presumed to be valid until it is judicially declared unconstitutional. See also AGO's 073-104 and 073-105. It should be noted that s. 112.011, F.S., provides for the removal of disqualifications for employment. However, this section makes no mention of types of military discharges, but applies rather to persons formerly convicted of crimes whose civil rights may have been restored. In addition, it specifically provides that, "[t]his section shall not be applicable to any law enforcement agency." Section 112.011(2)(a), F.S.