QUESTION: Is it incumbent on public officials to ascertain the public inspection policy for records of a nonpublic association or organization prior to the payment of dues to the association or organization from public funds?
SUMMARY: Pursuant to s. 119.01, F.S., as amended by Ch. 73-98, Laws of Florida, membership dues may not be paid to nonpublic associations or organizations from public funds unless all of the records of such association or organization, kept in the ordinary and usual course of business, are open for inspection to the citizens of Florida. If such inspection is not permitted or provided for at the time of payment of such dues, state and local governmental agencies and officials, which have the burden of ascertaining that all records of the affected organization are open to inspection by any citizen, must pay their own dues or contributions to such organizations and are prohibited from expending public funds for membership dues or contributions to such organization. Any payment from public funds of membership dues or contributions without first ascertaining the inspection policy of the organization is done at the peril of the affected agency or official. According to your letter, organizations such as the American Association of School Administrators, the Southern Association of Colleges and Schools, and the like are not based in Florida and have members who are not Florida residents. There is a question as to whether it is legal to pay dues to such associations until such time as it affirmatively appears that the records of the organizations are not open to public inspection or whether that determination must be made prior to the utilization of public funds to pay such dues. Section 119.01, F.S., as amended by s. 1, Ch. 73-98, Laws of Florida, effective October 1, 1973, in pertinent part reads: Public funds shall not be used for dues or contributions to any association, group or organization the records of which are not open for inspection to any citizen of Florida. (Emphasis supplied.) The amendment set forth above must be presumed to be valid and must be given effect until it is judicially declared unconstitutional. Evans v. Hillsborough County, 186 So. 193 (Fla. 1938). In enacting Ch. 73-98, Laws of Florida, the legislature did not attempt or purport to regulate any private professional organizations or associations — either interstate or intrastate. Rather, the amendment is directed only to the use of public moneys by Florida officials by prohibiting the use of public moneys to pay dues to any organization or association whose records are not open to public inspection. The amendment does not prohibit a state, county, or city official from joining any association or organization but merely requires open access to the records of the association or organization by the citizens of Florida if the officials' dues to such association or organization are paid or to be paid from public funds. If inspection by any citizen of Florida is not allowed, then public officials are simply forbidden to expend public moneys for membership in or contributions to such organizations and will be required to pay their own dues to the association or organization from their own private funds. Since the statute refers to public funds without any restrictions or qualifications, it follows that the amendment was directed to any and all public funds be they state, county, municipal, district, or any unit of government established by general or special law. Further, s. 119.02, F.S., which applies to all state, county, municipal, and district or other local officers, invokes civil and criminal sanctions against "any official who shall violate the provisions of s. 119.01. . . ." The comptroller in the performance of his constitutional preaudit function has similarly interpreted this provision as it relates to all state agencies, departments, and governmental entities. See Office of the Comptroller Memorandum #16 (1973-1974). It is a well-settled rule that public moneys may be expended only in the manner and subject to the conditions specified by law. Lainhart v. Catts, 75 So. 47 (Fla. 1917); State v. Green, 116 So. 66 (Fla. 1928); State v. Lee, 163 So. 859 (Fla. 1935). Cf. Ch. 74-91, Laws of Florida, effective July 1, 1974; and Department of Administration, Administration Commission's Policy On Payment Of Membership Dues For State Agencies and State Officials and Employees. The statute specifically prohibits public funds from being used to pay dues in any organization whose records are not open for inspection to Florida citizens. If the records of the organization are not open to citizens of Florida for inspection at the time of the payment of the dues, then, a fortiori, such payment may not lawfully be made. Therefore, it is the burden of the affected governmental official or agency to ascertain that such inspection is or will be allowed before he expends public money for such purpose. If the public official pays such dues from public funds without first ascertaining the inspection policy of the organization, then such action is taken at the official's peril. See Comptroller's Memorandum #16 (1973-1974) as to state agencies and state officers and employees. The question of which records of the organization must be open for inspection at the time the dues are paid from public funds requires an interpretation of the term "records" as used in the amendment. Since the original s. 119.01, F.S., has reference to all records of the designated organization without limitation, I am of the opinion that the records contemplated by Ch. 73-98, supra, include all records of the organization kept in the ordinary and usual course of business, as well as formal records such as charters, bylaws, resolutions, etc., and especially the financial records of the organizations. I might also note that information I have received from the sponsor of Ch. 73-98, Laws of Florida (CS for SB No. 271), concerning the circumstances which prompted the enactment of the amendment, supports my construction of this statute as discussed above.