QUESTIONS: 1. Does s. 768.28, F.S. (1974 Supp.), immunize the Halifax Hospital District from liability in excess of $100,000 for the willful and wanton negligence of its employees? 2. Does s.768.28, F.S. (1974 Supp.), immunize employees of the Halifax Hospital District from personal liability in excess of $100,000 for their willful and wanton negligence which occurs within the scope of their employment? 3. Are the provisions of s. 768.28, F.S. (1974 Supp.), which immunize officers, employees, or agents of the state and its subdivisions from tort liability within the scope of their employment, violative of Art. I, s. 21, State Const., which guarantees access to the courts for redress of any injury?
SUMMARY: The Halifax Hospital District is included within the definitional purview of s. 768.28(2), F.S. (1974 Supp.). However, with the possible exception of immunity from the tort claims of its "charity patients," the district apparently possessed no aspect of the sovereign immunity of the state upon which the state's waiver of sovereign immunity contained in s. 768.28 could operate. Until legislatively or judicially clarified to the contrary, it is the safer course to assume that the recovery of a negligently injured paying patient in the district's hospital would not be restricted to the monetary limitations on tort claims established by ss. 768.25(5) and (10). To the extent that the district was previously immune from the tort claims of its "charity patients," such immunity has been waived by s. 768.28, subject to the monetary limitations provided by the statute. Section 768.28 does not immunize the employees of the district from tort liability for willful and wanton negligence in the course of their employment. AS TO QUESTION 1: Prefatory to a discussion of your particular questions, certain general observations are in order. The Halifax Hospital District (hereinafter referred to as the "district") was established by Ch. 11272, 1925, Laws of Florida, as a special taxing district with all the powers of a body corporate for the purpose of establishing, constructing, operating, and maintaining hospitals within the district's boundaries. The status of the Halifax Hospital District vis-a-vis s. 768.28, F.S. (1974 Supp.), is, for all practical purposes, identical to that of the hospital district under consideration in AGO 075-114. Accordingly, for the reasons expressed in AGO 075-114, I conclude that the Halifax Hospital District is included within the meaning of the phrase "state agencies or subdivisions" as used in s. 768.28, supra. Drawing again from AGO 075-114: Having thus concluded that the district is included within the definition of "state agencies and subdivisions" contained in s. 768.28(2), F.S., it is still necessary to determine what effect, if any, such inclusion has on the district's tort liability; and, in order to make that determination, it is first necessary to examine the district's tort liability prior to the enactment of s. 768.28. The text of AGO 075-114 continues with a detailed examination of the historic distinctions in the tort liability of legislatively created hospital districts vis-a-vis their paying patients and their charity patients and concludes, in sum, that although the district is included within the purview of s. 768.28, F.S. (1974 Supp.), . . . with the possible exception of immunity from the tort claims of its "charity patients," the district apparently possessed no aspect of the sovereign immunity of the state upon which the state's waiver of sovereign immunity contained in s. 768.28 could operate . . . (and) until legislatively or judicially clarified to the contrary, . . . the recovery of a negligently injured paying patient in the district's hospital would not be restricted to the monetary limitations on tort claims established by ss. 768.28(5) and (10), F.S. [1974 Supp.]. Accordingly, the answer to your first question depends, in part, on the status of the patient. With respect to paying patients, as noted in AGO 075-114, the waiver of sovereign immunity statute has no effect on the district's tort liability. The district remains subject to liability without limitation as to the amount of any claim or judgment arising from any negligence — be it ordinary or willful and wanton — of its employees which results in injury to a paying patient. Turning now to the question of charity patients: As previously noted, the district is within the definition of "state agencies or subdivisions" as used in s. 768.28, supra. Accordingly, to the extent that the district enjoyed immunity from tort claims by such patients prior to the enactment of s. 768.28, such immunity has been waived by the statute, but only to the extent specifically provided therein. Thus, by virtue of the waiver of sovereign immunity effected by s. 768.28, the district is now subject to tort claims by charity patients, but the amount of any such claim would appear to be limited by subsections768.28(5) and (10). The principal limitation in subsection (5), supra, reads: Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $50,000, or any claim or judgment, or portions thereof, which, when totaled with all other claims or judgments paid by the state arising out of the same incident or occurrence, exceeds the sum of $100,000. Subsection (5), supra, also provides that the liability created by the statute "shall not include punitive damages or interest for the period prior to judgment." The limitation portion of subsection (10), supra, reads: If the state or its agency or subdivision is insured against liability for damages for any negligent or wrongful act, omission, or occurrence for which action may be brought pursuant to this section, then the limitations of this act shall not apply to actions brought to recover damages therefor to the extent such policy of insurance shall provide coverage. It should also be noted that, notwithstanding the foregoing limitations on the amount of liability, subsection (5), supra, goes on to provide: However, a judgment or judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to this act up to to $50,000 or $100,000, as the case may be, and that portion of the judgment that exceeds these amounts may be reported to the legislature, but may be paid in part or in whole only by further act of the legislature. In sum: With respect to charity patients, the effect of s. 768.28, F.S. (1974 Supp.), is to waive the district's immunity from liability for damages resulting from torts of its employees — including ordinary as well as willful and wanton negligence — but only to the extent of the monetary limitations specified in the statute. However, a judgment may be claimed and rendered in excess of the limits specified in the statute, but the portion of any such judgment which exceeds such limits may be paid only by further act of the Legislature. AS TO QUESTION 2: Subsection (9) of s. 768.28, supra, states, in pertinent part: No officer, employee, or agent of the state or its subdivisions shall be held personally liable in tort for any injuries or damages suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. (Emphasis supplied.) It is clear from the language italicized above that the immunity from personal liability provided by subsection (9), supra, does not extend to "wanton and willful" conduct. Therefore, an employee who is willfully and wantonly negligent is personally liable for all damages which flow from such conduct in any amount and receives no immunity under the statute. Question 2 is, therefore, answered in the negative. AS TO QUESTION 3: Section 768.28, F.S. (1974 Supp.), like all other duly enacted statutes, must be presumed to be valid and must be given effect until it is judicially declared invalid or inoperative in proper legal proceedings. White v. Crandon,156 So. 303 (Fla. 1934); Evans v. Hillsborough County, 186 So. 193 (Fla. 1938).