[No. 13580.   Department Two. — December 1, 1891.]

## A. I. SANBORN, APPELLANT, v. L. B. DOE ET AL., RESPONDENTS.

INSOLVENCY — FRAUDULENT DISCHARGE — ACTION BY ASSIGNEE OF CREDITORS — CONSTRUCTION OF INSOLVENT ACT. — One to whom claims against an insolvent have been assigned after the insolvent's discharge, and who was not a creditor himself at the date of the discharge, cannot maintain an action to set aside the decree of discharge upon the ground that the decree was fraudulently obtained.   Such assignee not being within the terms of section 53 of the Insolvent Act of 1880, can derive no authority from it to maintain the action.

ID. — SETTING ASIDE DISCHARGE — FRAUD — ASSIGNMENT OF RIGHT OF ACTION. — The right of creditors to set aside a decree discharging an insolvent upon the ground of fraud in its procurement is not the subject of transfer, either by direct assignment or as an incident to the assignment of the claims which were affected by the discharge.   A right to complain of fraud is not assignable.

APPEAL from a judgment of the Superior Court of Mendocino County.

The facts are stated in the opinion of the court.

*A. E. Bolton, T. L. Carothers,* and *J. A. Barham,* for Appellant.

*J. A. Cooper,* for Respondents.

DE HAVEN, J.— The defendants were copartners on November 11, 1886, and on that day filed in the superior court of Mendocino County their petition in insolvency, and such proceedings were had therein that on May 4, 1887, the court duly made and entered its decree discharging them from all their debts and liabilities.

The plaintiff was not at that date a creditor of either of said defendants, but thereafter several of those who were such creditors, and whose claims were discharged by said decree, assigned their claims to plaintiff, and he thereupon commenced this action to set aside the said order or decree of discharge, upon the alleged ground that certain creditors were improperly influenced not to oppose the same, and that therefore the said decree was fraudulent.

A demurrer to the complaint was sustained, and judgment thereupon rendered in favor of defendants. The plaintiff appeals.

The demurrer was properly sustained. Section 53 of the Insolvent Act of 1880 provides: "Any creditor of said debtor, whose debt was proved, or provable, against the estate in insolvency, who shall see fit to contest the validity of such discharge on the ground that it was fraudulently obtained, and who has discovered the facts constituting the fraud subsequent to the discharge, may, at any time within two years after the date thereof, apply to the court which granted it to set aside and annul the same; or if the same shall have been pleaded, the effect thereof may be avoided collaterally upon any such grounds."

The plaintiff was not a creditor of defendants, having a debt which "was proved or provable" against their estate in insolvency at the date of the rendition of the judgment, which he now seeks to set aside; and not being such a creditor, he is not one of the persons authorized to maintain such an action by the section of the insolvent act just quoted. And independently of the statute, the complaint fails to state facts sufficient to entitle plaintiff to the relief which he asks. Not being a creditor of defendants, when the decree of discharge in the insolvency proceeding was given and made, the plaintiff was not in any way injured by it, and had no right to complain of it, and he did not acquire such right by his subsequent purchase of the claims referred to in the complaint. It is true the assignors of plaintiff would, upon

the facts alleged, have the right to set aside the decree referred to, but this right was not the subject of transfer, either by direct assignment or as an incident to the assignment of the claims which were affected by the decree of discharge. (*Dickinson* v. *Seaver*, 44 Mich. 631; *Milwaukee & Minn. R. R. Co.* v. *Milwaukee etc. R. R. Co.*, 20 Wis. 183; *Carroll* v. *Potter*, Walk. Ch. 355; 3 Pomeroy's Eq. Jur., sec. 1276.)

In *Dickinson* v. *Seaver*, 44 Mich. 631, the supreme court of Michigan, in passing upon a state of facts not in principle different from those alleged in this complaint, say: "The present complainant, according to his own proofs, has merely purchased claims for the purpose of this litigation, or of some litigation. He was never defrauded. It would be against every rule of equity to allow a party to buy up stale claims and then seek to establish fraud committed against his assignors. A right to complain of fraud is not assignable, and the claims in controversy have nothing involved which could keep them alive, unless fraud would do so. Being nothing more than an assignment of an action for fraud, it is well settled that it will not be enforced."

The same rule was recognized by this court in *Cross* v. *Sacramento Savings Bank*, 66 Cal. 462, in which case it was said, quoting with approval from section 1040 of Story's Equity Jurisprudence: "An assignment of a bare right to file a bill in equity for a fraud committed on the assignor will be held void, as contrary to sound policy."

It follows from these views that the judgment appealed from must be affirmed. So long as the decree discharging the defendants from their debts and liabilities remains in force, the claims assigned to plaintiff can have no validity; and as he did not by such assignment acquire the right to attack or set aside that decree, he really took nothing by such assignment, and has no cause of action against defendants.

Judgment affirmed.

SHARPSTEIN, J., and McFARLAND, J., concurred.