## WAGNER v. SUPERIOR COURT OF LOS ANGELES COUNTY.*

### No. 15,506; October 27, 1893.

#### 34 Pac. 648.

Insolvency—Proceeding to Vacate Discharge.—Where a person
has been discharged in insolvency, the court has no jurisdiction to hear
a petition by his assignee to annul the certificate of discharge, since,
under insolvent act 1880, section 53, providing that "any creditor" of
an insolvent debtor who has obtained such discharge may contest
its validity on the ground that it was fraudulently obtained, such
a proceeding can only be commenced by a creditor.

Petition by L. M. Wagner for a writ of prohibition to re-
strain the superior court of Los Angeles county from proceed-
ing under an order made by it directing petitioner to appear
and show cause why an order made on a petition for insolvency
discharging her from her debts should not be vacated. Writ
granted.

W. H. Pollard for petitioner; Mr. Graff for respondent.

PER CURIAM.—Application for a writ of prohibition. It
appears that on September 28, 1892, the petitioner, L. M. Wag-
ner, was adjudged insolvent by the superior court of Los
Angeles, and subsequently the court, in the matter of the in-
solvency proceeding, made a distribution of all of the estate
of the insolvent which had come into the possession of the as-
signee, and granted to the petitioner here a certificate of
discharge from all debts and claims existing against her at the
date of the filing of her petition to be adjudged insolvent, and
also made an order discharging the assignee. When these or-
ders were made, the insolvency proceedings were ended, and

---

*For subsequent opinion in bank, see 100 Cal. 359, 34 Pac. 820.

the court had no further jurisdiction over the person of the insolvent, and this jurisdiction could only be restored by an application upon the part of some creditor of the insolvent to set aside and annul the decree or certificate discharging her from her indebtedness, as provided by section 53 of the insolvent act. Certainly, after the insolvency proceeding was thus ended, the court was without authority to proceed under either section 24 or section 47 of the insolvent act, and examine the petitioner here, or other persons, for the purpose of ascertaining whether or not all the property of the insolvent estate had come into the hands of the assignee. It seems, however, that since the making of the orders referred to, two petitions have been filed in the superior court, each praying that the certificate of discharge granted to the petitioner herein be annulled upon the ground of alleged fraud in obtaining it. One of these petitions was filed by the assignee in the insolvency proceeding and the other by a creditor of the insolvent Wagner. The court thereupon made an order requiring the petitioner herein to appear on October 30, 1893, and show cause why the order discharging her from her indebtedness should not be vacated, and upon the same day, upon application of the assignee, the court made an order requiring the petitioner here to appear before the court upon a day named for examination in relation to her property, and also directed that subpoenas should issue requiring the attendance as witnesses of other persons claiming to own such property. The object of this proceeding is to prohibit the court from proceeding under this latter order. We think the application must be granted. The court is without any jurisdiction to hear the petition of the assignee, asking that the certificate of discharge be annulled. Such a proceeding can only be commenced by a creditor of the insolvent: Insolvent Act, sec. 53; Sanborn v. Doe, 92 Cal. 152, 27 Am. St. Rep. 101, 28 Pac. 105. The order under which the court is proceeding seems to be based upon this petition, and is void. In the matter of the petition filed by the creditor, the petitioner and the other persons named in the order may be required to give their depositions under section 2021 of the Code of Civil Procedure, or to appear in open court and give their testimony upon the issues arising upon such petition and the answer thereto. Let the writ of prohibition issue.