CITY OF SEBRING, a municipal corporation, *Appellant*, vs. ED WOLF, GEORGE P. STREET, ERNEST AMOS, as Comptroller of the State of Florida, and J. T. FARMER, as Clerk of the Circuit Court of Highlands County, *Appellees*.

141 So. 736.

Division B.

Opinion filed May 17, 1932.

*M. R. McDonald* for Appellant;

*Leitner & Leitner* for Appellees.

DAVIS, J.—In this case the bill of complaint shows that the City of Sebring, Florida, in 1931 acquired fee simple title to a certain lot of land described as follows: "Lot Number Ten (10) in Block Sixty-five (65), Second Addi-

tion to the Town of Sebring.'' The object of the suit was to have set aside and cancelled as clouds on complainant's title certain State and County tax certificates which had been issued on said land for taxes for the years, 1925, 1927, 1928 and 1929. The ground for the relief prayed is that the assessments and levies of the State and County taxes involved in the certificates were not made as required by the constitution and laws of the State of Florida in that the County Commissioners of Highlands County, and certain of the taxing officers, failed to exactly pursue the statutory requirements relating to the assessment and levy of the taxes prior to the tax sales and issuance of the certificates in question. The chancellor sustained a motion to dismiss the bill, and the complainants have appealed.

According to the allegations of the bill of complaint, the City of Sebring is a municipal corporation under the laws of Florida. The bill shows that its title to the land in question was acquired in 1931, while the tax certificates sought to be cancelled and set aside were issued and outstanding. It also appears from the bill that at the time the complainant acquired title to the land from which the tax certificates are sought to be removed as a cloud that there was in force and effect Section 16 of Chapter 14572, Acts of 1929, Laws of Florida, which reads as follows:

"All tax sale certificates and deeds now held and owned by the State of Florida, or any person, firm or corporation which are invalid on account of any matter or thing not affecting the authority of the State or any county thereof to levy and collect the taxes evidenced by such certificates are hereby validated and made legal to the extent of any lien evidenced thereby, in so far as is competent for the Legislature of the State of Florida so to do; provided, however, that this section shall not apply to certificates and/or deeds involved in litigation now pending."

It is therefore clear from the allegations of the bill of

complaint that the complainant acquired title to the land in question with knowledge that tax certificates for unpaid State and County taxes were outstanding and unpaid at the time the title was acquired and that the Legislature had by statute undertaken to validate and render enforceable such tax certificates.

Whatever may have been the right of the original owner of the land to contest the constitutional validity or application of Chapter 14572, Acts of 1929, to the situation here involved, it is clear that the City of Sebring, a municipality existing under the authority of the Legislature to create and maintain it, has no right to do so, especially in view of the fact that all of the rights acquired by it to the lands in question were acquired in the face of legislation undertaking to validate the tax certificates now sought by it to be cancelled and set aside.

It is well settled in this State that a statute found on the statute books must be presumed to be valid and given effect until it is judicially declared unconstitutional. State ex rel. Howarth v. Jordan, Clerk, decided at the present term. It is also well settled that even though a statute be unconstitutional, that those only who have the right to raise the question of its unconstitutionality may invoke aid of the courts to have it judicially set aside. Franklin County v. State, 24 Fla. 55, 3 Sou. Rep. 471; State v. City of Sarasota, 92 Fla. 563, 109 Sou. Rep. 473.

If the tax certificates in this case were originally void as contended, the provisions of Chapter 14572, Acts of 1929, were *prima facie* constitutionally effective to render valid and enforceable the tax certificates here sought to be cancelled. The unconstitutional force of the statute therefore operated first against the owner of the property at the time the statute was put into effect.

Under such statute, if unconstitutional, there accrued to the property owner and to him alone, the right to raise the

question that the statute's effect was to unconstitutionally deprive him as a property owner, of his property without due process of law. An attempted unconstitutional validation of tax certificates which are void for want of sufficient procedure under the tax laws to support them can only constitute a wrong against the owner of the property at the time of the attempted validation.

The right to challenge the constitutionality of a statute on grounds which are personal to the owner of property is a right which may be waived by the owner, as this Court has definitely held. See Abell v. Town of Boynton, 95 Fla. 984, 117 Sou. Rep. 507. And even though not waived, such a right of action in equity is not assignable. See Whitney v. Kelley, 94 Cal. 146, 29 Pac. 624, 28 A. S. R. 106, 15 L. R. A. 813; Sanborn v. Doe, 92 Cal. 152, 28 Pac. 105, 27 A. S. R. 101. And even if it were assignable, it is not clear that a municipal corporation, which must obtain its right to sue as a corporate entity from the State, would be entitled to become its assignee and thereby acquire the right to use its corporate power to sue to attack the constitutionality of the legislative acts of its own creator relating to state and county taxation.

So far as the face of the bill of complaint is to be considered, it does not appear therefrom that the owner of the property at the time Chapter 14572, *supra,* was enacted had ever been concerned with attacking the validity of said Chapter 14572 as to him. It was within the owner's province at the time that Act took effect, to waive any and all objections to the attempted validation of the taxes herein complained of. And so far as may be discerned from complainant's bill, the owner did waive all objections he might have raised against said Chapter 14572, *supra,* by selling the land to complainant without attempting to assert any such objection prior to the sale.

Furthermore, when complainant acquired its title to the

property, it did so with knowledge of the outstanding tax certificates against it. It was also charged with knowledge that the law had prior to its acquisition of title, undertaken to validate those certificates. Complainant must therefore be presumed to have acquired title to the property in the light of the effect of the statute *as against the original owner*. The legal effect of the statute was to legislatively validate the several tax certificates here objected to. The owner of the property affected by the statute must be deemed to have waived any objection he had to its validity, if any, because he conveyed the property without questioning the constitutionality of the Act. The grantee, by taking the property under such circumstances, may likewise be deemed to have acquiesced in the owner's waiver of his right to object.

In this case it is also inferable from the bill that when the City of Sebring bought the land in question in 1931 it thereby assumed and agreed to pay the outstanding tax certificates thereon which it was the owner's duty to pay as required by law. But whether this is so, or not, it should not now be permitted in a case like this to assert any invalidity in such tax certificates since it appears that the owner of the land at the time the alleged validating Act was passed had raised no objection to the Act's validity as effective to make perfect the certificates as against the owner of the land at the time the Act was enacted.

What we have said disposses of the case, thereby rendering a decision of the other questions unnecessary. The decree dismissing the bill should be affirmed and it is so ordered.

Affirmed.

BUFORD, C.J., AND WHITFIELD AND TERRELL, J.J., concur.

BROWN, J., concurs in the conclusion.

ELLIS, J., dissents.