### N. B. HAYS v. CITY OF TAMPA, et al.

154 So. 687.
Division B.
Opinion Filed April 27, 1934.
Petition for Rehearing Denied May 21, 1934.

*N. B. Hays,* for Appellant;

*Alonzo B. McMullen* and *Ralph A. Marsicano,* for Appellees.

BUFORD, J.—The City of Tampa paved certain streets under the provisions of Chapter 9298, Acts of 1923, assessing the entire cost of the improvement against abutting property.

Chapter 15536 was enacted by the Legislature of 1931 which provided in part:

"That the City of Tampa in Hillsborough County, Florida, be and it is hereby authorized and empowered by resolution or ordinance of its governing body to reduce the Special Assessments now held by and due to said City, heretofore levied or assessed upon property in said City, under and by virtue of or in accordance with the provisions of Chapter 9298, Laws of Florida, 1923, or Chapter 11232, Laws of Florida, 1925, known as the 'Tampa Local Improvement Act,' or subsequent amendments thereto, whenever such assessments so levied or assessed were for the entire cost of the improvements, to the extent of one-third (1/3rd) of the original principal amount of such assessments, and one-third (1/3rd) of the accrued interest thereon, such reduction to be made and credit given therefor as herein provided."

The Act then provides the manner in which the purpose above set forth shall be effectuated and accomplished.

On December 8, 1931, the governing authority of the City of Tampa enacted Ordinance No. 462A pursuant to authority conferred by Chapter 15536, *supra,* and thereby reduced each of the original assessments to the extent of one-third and authorized a refund of an amount equal to one-third of the original assessment to each of those owners who had paid the original assessment in whole or in part. A tax levy of one mill on the dollar on all real and personal property from year to year is authorized and provided for the purpose of refunding the amounts authorized to be refunded to lot owners.

Suit was filed to enjoin the execution of Ordinance No. 462A.

On motion the bill of complaint was dismissed and complainant appealed.

The amount of a special assessment is a matter to be determined by the Legislature or its authority. Klemm v. Davenport, 100 Fla. 627, 129 Sou. 904.

The refunding of moneys paid for public improvements may be authorized by the Legislature without offending organic law. Carlton, Governor, et al., v. Matthews, 103 Fla. 301, 137 Sou. 815.

It is elementary that the Legislature may validate a tax levy which it may have authorized and that the Legislature may relieve against an inequitable and unjust tax levy if vested rights are not infringed thereby.

The complainant did not allege facts to show that he had acquired any vested interest which would be adversely affected by the compliance with the statute or ordinance complained of and, therefore, is without legal ground for complaint. City of Sebring, et al., v. Wolf, et al., 105 Fla. 516, 141 Sou. 736; McMullin v. Johnson, 102 Fla. 19, 135 Sou. 716; State, ex rel. Johnson v. Sarasota, 92 Fla. 563, 109 Sou. 473.

The bill of complaint was clearly without equity and, therefore, the decree should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.