Don J. Caton City Attorney Pensacola
QUESTION:
Does the language `district, private corporation, board, body or person supplying water to or selling water for use on such premises' contained in s. 153.12(2)(b), F. S., include a municipal corporation?
SUMMARY:
Until judicially or legislatively determined to the contrary, any municipality supplying water to or selling water for use on any premises serviced by or connected to a county sanitary sewer or sewage disposal system is included within the purview of s.153.12(2)(b), F. S., a part of the County Water System and Sanitary Sewer Financial Law, and the terms `any . . . body . . . supplying water to or selling water for the use on' any premises as provided therein, and is subject to and governed by the terms thereof.
As hereinafter qualified, your opinion is answered in the affirmative. This opinion is limited to the precise question raised in your letter; no opinion is expressed as to the legal consequences of a county or a municipality disconnecting or failing or refusing to shut off water service to any person or premises for nonpayment of county sewer bills under the provisions of s. 153.12(2)(b), F. S.
Section 153.12(2)(b), F. S., provides in pertinent part:
 [I]f such owner, tenant or occupant shall not cease such disposal [of sewage or industrial waste for nonpayment of the user fees or charges] at the expiration of such 30-day period, it shall be the duty of any district, private corporation, board, body or person supplying water to or selling water for use on such premises to cease supplying water to or selling water for the use on such premises within 5 days after receipt of notice of such delinquency from the county; and that if such district, private corporation, board, body or person shall not, at the expiration of such 5-day period, cease supplying water to or selling water for use on such premises, then the county may unless it has theretofore contracted to the contrary, shut off the supply
of water to such premises. (Emphasis supplied.)
No provision of part I of Ch. 153, F. S., or of s. 153.12(2)(b), F. S., defines the terms `district, private corporation, board, body or persons' as used therein, nor does the section expressly or specifically refer to a municipality. Cf. s. 153.03(1) and (10), F. S., specifically referring to municipalities and other public corporations and persons in certain particulars relating to the furnishing of sewage collection and disposal services and enjoining the pollution of a county source of water supply by `any persons or corporations, public or private,' or the violation of `any provision of this chapter,' except as to `any existing contract that a municipality may have for water or sewage disposal without the consent of both parties to said contract.' I am unaware of and no judicial decision has been brougnt to my attention which considered, applied, or defined these or similar statutory terms in a similar or related context to that in which they are used in s. 153.12(2)(b), F. S.
Section 1.01(9), F. S., however, defines the phrase `public body' as used in the Florida Statutes, where the context will permit, to include `counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts and all other districts in this state.' (Emphasis supplied.) Although s. 153.12(2)(b), F. S., does not use the exact language of s.1.01(9), it seems clear that the term `body' as it appears in the phrase `any district, private corporation, board, body or personsupplying water to or selling water for the use on such premises' (Emphasis supplied.), within the context of that section and the provisions and purposes of part I of Ch. 153, F. S., as a whole, encompasses by necessary implication all public bodies `supplying water to or selling water for the use on such premises' or a `public body' as defined by s. 1.01(9), as well as private corporations or persons who may be furnishing or supplying water service to the owner or occupant of those premises designated in the statute. As there is nothing in the language of part I, Ch. 153, to inhibit such a construction or manifesting any legislative intent to the contrary and in view of the overall purpose of the statute, I am of the view that any municipality `supplying water to or selling water for the use on' any premises serviced by or connected to a county sanitary sewer or sewer or sewage disposal system is included within the purview of s. 153.12(2)(b) and the terms `any . . . body . . . supplying water to or selling water for use on such premises,' and is subject to and governed by the terms thereof. Therefore, unless and until it is judicially or legislatively determined otherwise, it is my opinion that the term `body,' as used in s. 153.12(2)(b), includes a municipality within the definition of the term `public body' set forth in s. 1.01(9).
Section 153.12(2)(b), F. S., assuming the constitutionality velnon thereof, expressly imposes a duty on any such municipality within 5 days after receipt of the prescribed notice of delinquency from the county `to cease supplying water to or selling water for use on' any premises serviced by or connected to such county's sanitary sewer or sewage disposal facilities or systems. The statute does not make any provision for invoking any penalties against or compelling any such municipality to disconnect or to shut off its supply of water to such premises except as may be provided for in s. 153.03(10), F. S.; but upon its failure or refusal to do so, the county is authorized to shut off the supply of water (by the municipality) to any such premises. The statute is presumptively valid and it must be given effect until it is judicially declared unconstitutional. See Evans v. Hillsborough County, 186 So. 193, 196 (Fla. 1938); White v. Crandon, 156 So. 303, 305 (Fla. 1934); City of Sebring v. Wolf,141 So. 736 (Fla. 1932); State ex rel. Gillespie v. Thursby,139 So. 372, 375 (Fla. 1932); State ex rel. Atlantic Coastline R. Co. v. State Board of Equalizers, 94 So. 681, 682 (Fla. 1922).
As stated above, no opinion is expressed as to the legal consequences of either the county or the municipality shutting off water service supplied by the municipality to any premises or persons as provided in s. 153.12(2)(b), F. S., or as to the failure or refusal of either body to do so as therein provided or as to any violations of any of the provisions of Ch. 153, F. S., or any resolution validly adopted pursuant to the powers granted thereby as provided in s. 153.03(10), F. S. Any remaining questions as to such matters should be submitted to the courts for resolution in an appropriate proceeding for a declaratory judgment.
Prepared by: Joslyn Wilson, Assistant Attorney General