Gerald A. Lewis Comptroller Tallahassee
QUESTION:
May an installment sales contract entered into pursuant to Ch. 79-92, Laws of Florida, contain a provision granting to the vendor a `security interest' in the property purchased?
SUMMARY:
In the absence of a statutory provision expressly authorizing a state agency or officer to grant a `security interest' in or a lien upon the property purchased, an installment sales contract entered into pursuant to Ch. 79-92, Laws of Florida, may not lawfully contain a provision granting to the vendor a `security interest' in or a lien upon the property purchased.
Chapter 79-92, Laws Florida, relates to the powers, duties, and functions of the Division of Purchasing of the Department of General Services; s. 1 of the act amends s. 287.042(1), F. S., to provide that the division has the power:
 (1) To canvass all sources of supply and contract for the purchase, lease, or acquisition in any manner, including purchase by installment sales or lease-purchase contracts which may provide for the payment of interest on unpaid portions of the purchase price, of all commodities required by the state government or any of its agencies under competitive bidding or contractual negotiation. Any contract providing for deferred payments and the payment of interest shall be subject to specific rules adopted by the division.
Section 2 of Ch. 79-92, Laws of Florida, adds subsection (5) to s. 287.062, F. S., to provide that no purchase of commodities may be made when the purchase price thereof is in excess of $2,500, unless made upon competitive bids received, except:
 (5) When any contract requires deferred payments and the payment of interest, such contract shall be submitted to the Comptroller of the state for the purpose of preaudit review and approval prior to acceptance by the state. The Comptroller shall adopt rules for the purpose of this subsection. Annually, on or before February 1, the Comptroller shall submit to the presiding officer of each house of the legislature a report containing a summary of each such contract approved or rejected during the previous calendar year. The report shall contain, for each contract, a description of the commodity or commodities, the name of the acquiring agency, the name of the vendor, and pertinent financial terms of the contract.
Under the provisions of s. 287.042, F. S., as amended by s. 1, Ch. 79-92, Laws of Florida, any contract which provides for deferred payments and the payment of interest is subject to the specific rules adopted by the Division of Purchasing of the Department of General Services. This office cannot comment upon the validity of such rules adopted by the Division of Purchasing. Such rules are presumptively valid — cf. Florida Citrus Commission v. Golden Gift,91 So.2d 657 (Fla. 1956); 4245 Corporation, Mother's Lounge, Inc. v. Division of Beverages, 348 So.2d 934 (1 D.C.A. Fla., 1977) and 73 C.J.S. Public Administrative Bodies and Practices s. 104 — and this office lacks the authority to declare otherwise; rather, such a determination must be made by the courts of this state. Moreover, no comment can be made by this office regarding the validity of Ch. 79-92. The Attorney General cannot declare a statute unconstitutional or invalid or advise any officer to disregard a legislative direction or mandate. On the contrary, a statute is presumed to be constitutional and must be given effect until judicially declared invalid. See Pickerill v. Schott,55 So.2d 716 (Fla. 1951) (duty of beverage director to observe the law as he found it until in a proper proceeding its constitutionality is judicially passed upon), and State ex rel. Atlantic Coast Line R. Co. v. State Board of Equalizers,94 So. 681 (Fla. 1922). See also State v. Rodriguez, 365 So.2d 157 (Fla. 1978) (legislative enactments are presumed valid); Evans v. Hillsborough County, 186 So. 193 (Fla. 1938) (statute must be presumed to be valid and must be given effect until judicially declared unconstitutional); and City of Sebring v. Wolf,141 So. 736 (Fla. 1932). This opinion is therefore expressly confined to the narrow and specific question presented as to whether Ch. 79-92 authorizes the grant to a vendor of a `security interest' in or lien upon the personal property being purchased by the state agency; it is not necessary to consider the various constitutional issues in order to respond to this question.
It is a well-established rule of construction in this state that when a statute enumerates the things upon which it is to operate, it must be construed as excluding from its operation all things not expressly mentioned — expressio unius est exclusio alterius. Thayer v. State, 335 So.2d 815 (Fla. 1976); Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1974); and Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944). Chapter 79-92, Laws of Florida, authorizes the purchase of commodities by installment sales or lease-purchase contracts and expressly provides for deferred payments thereon and the payment of interest on the unpaid portions of the purchase price. The statute does not, however, provide for or authorize the granting of a `security interest' in or any lien upon the property being purchased. Under the foregoing rule of statutory construction, the statute must be construed as excluding from its operation the granting of a `security interest' in or lien upon the property purchased. Moreover, it is also well established that a public officer or a state agency possesses only such powers as have been expressly or by necessary implication conferred by statute. See
Crandon v. Hazlett, 26 So.2d 638 (Fla. 1946); White v. Crandon,156 So. 303 (Fla. 1934); and Gardinier, Inc. v. Florida Department of Pollution Control, 300 So.2d 75 (1 D.C.A. Fla., 1974) (powers of statutory agency are not inherent but derivative only and are limited to those expressly or by necessary *4113 implication granted by statute). See generally 67 C.J.S. Officers s. 190a, stating that `[p]ublic officers have only such power and authority as are clearly conferred by law or necessarily implied from the power granted. Express statutory powers cannot be broadened by implication and usage and custom will not serve to enlarge such power and authority' and s. 192; 81A C.J.S. States ss. 120-121; Collier v. Baker, 20 So.2d 652 (Fla. 1945); and State v. Michell,188 So.2d 684 (4 D.C.A. Fla., 1966), cert. discharged,192 So.2d 281 (Fla. 1966). Moreover, if there is any doubt as to the lawful exercise of a particular power, it should not be exercised. Stateex rel. Greenberg v. Florida State Board of Dentistry,297 So.2d 628, 636 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900
(Fla. 1974); and Gessner v. Del-Air Corporation, 17 So.2d 522
(Fla. 1944). While an express power duly conferred may include the implied power to use the means necessary to make an express power effective, such implied authority does not warrant the exercise of a substantive power not conferred. See Molwin Investment Co. v. Turner, 167 So. 33 (Fla. 1936). Moreover, in order for a power to be implied from an express grant of power, the power sought to be implied must be necessary, indispensable, or essential to the attainment of the declared objects and purposes prescribed by statute. I cannot say that the grant of a `security interest' in or a lien upon the property purchased to a vendor is essential or indispensable to an installment or lease-purchase contract to which the state or its agencies is a party so as to justify the exercise of a substantive power not expressly granted. Thus, in the absence of such a statutory provision expressly authorizing a state agency or officer to grant a `security interest' in or a lien upon the property purchased, I am of the opinion that an installment sales contract entered into pursuant to Ch. 79-92 may not lawfully contain a provision granting to the vendor a `security interest' in or a lien upon the property purchased. Cf. Nohrr v. Brevard County Educational Facilities Authority,247 So.2d 304 (Fla. 1971), in which the court held that a trust indenture under which county educational facilities authority revenue bonds were to be issued could not properly grant a mortgage with the right of foreclosure on the lands and buildings which constituted the project to be financed when the grant of the mortgage was not approved at an election. See also Hampton v. State Board of Education, 105 So. 323 (Fla. 1925), in which the court, recognizing that a state cannot be sued without its consent, stated that `[t]he immunity of the state from suit applies where a contract or property interest of the state is involved'; Southern Drainage District v. State, 112 So. 561 (Fla. 1927); Treadway v. Terrell, 158 So. 512 (Fla. 1935); and State exrel. Florida Dry Cleaning and Laundry Board v. Atkinson,188 So. 834 (Fla. 1938) (no suit can be maintained against a state instrumentality when interest of state in suit is through some contract or property right, except by consent of state effectuated by legislative act, and such consent can be extended to operate no further than limitation, if any, prescribed by the Legislature in its grant of consent.) Cf. Dickinson v. City of Tallahassee,325 So.2d 1 (Fla. 1975).
Your question, as stated, is therefore answered in the negative. I would note, however, that the Comptroller, in his capacity as preauditor pursuant to s. 2, Ch. 79-92, Laws of Florida, has the standing to question the constitutionality or validity of the statute. See Steele v. Freel, 25 So.2d 501 (Fla. 1946); State exrel. Harrell v. Cone, 177 So. 854 (Fla. 1937) (State Comptroller has right and authority to challenge any act providing for disbursement of public funds if Comptroller entertains grave doubt as to validity of act); and Green v. City of Pensacola,108 So.2d 897 (Fla. 1959). See also City of Pensacola v. King, 47 So.2d 317
(Fla. 1950). Cf. Franklin County v. State, 3 So. 471 (Fla. 1888) (even though statute unconstitutional, only those who have right to raise question of its constitutionality may invoke aid of the courts in having it judicially set aside).
Prepared by:
Joslyn Wilson Assistant Attorney General