Eugene M. Steinfield City Attorney Margate
QUESTION:
Is a member of a metropolitan planning organization who is also an elected official in violation of the provision of s. 5(a), Art. II, State Const., which prohibits dual officeholding?
SUMMARY:
An elected municipal officer who serves as a member of a metropolitan planning organization, as provided by s. 334.215, F. S., is not in violation of the dual officeholding prohibition of s. 5(a), Art. II, State Const. The additional or ex officio duties as a member of an M.P.O. are placed upon the municipal officer by the Legislature and are not inconsistent with the municipal duties already being performed.
Chapter 79-219, Laws of Florida, codified as s. 334.215, F. S., creates a metropolitan planning organization (hereinafter referred to as M.P.O.) within each urbanized area in the state where such a planning organization is necessary to meet federal requirements to obtain and expend federal transportation funds. The M.P.O. is a composite local governmental entity in any area where such a planning organization is required by federal law or regulation.See s. 334.215(1). The voting membership of the M.P.O. is composed of the elected officials of the local units of general purpose government, including municipalities. See s. 334.215(2). There are certain exceptions to this elected official requirement not herein material for local governing bodies having two or more members on the M.P.O.
Membership on the M.P.O. is apportioned by the Governor among the various governmental entities, but the governing body of each of the respective designated governmental entities appoints the apportioned number of members to the M.P.O. from the eligible officials. Membership on the M.P.O. terminates when the appointed person for any reason leaves his or her elective office. Vacancies are filled by the original appointing body. If, in the case of a municipality, the governing body fails to fill an assigned appointment to the M.P.O. within 60 days after notification by the Governor of its duty to appoint, that appointment shall be made by the Governor from the eligible representatives of the municipality. See s. 334.215(4), F. S.
The authority and responsibility of the M.P.O., among other things, include fulfilling the federal requirements necessary to qualify the urbanized areas (not particular manicipalities) of the state to receive all federal aid transportation funds for which they are legally eligible and for the `management of a continuing, cooperative, and comprehensive transportation planning process that results in the development of plans and programs consistent with the comprehensively planned development of the urbanized area.' Section 334.215(5), F. S. The urbanized areas in Florida must have M.P.O.'s in order to obtain any federal aid for transportation facilities or improvements within such urbanized areas and for any federally aided urban extension and interstate system projects. The M.P.O. is thus the forum for cooperative decisionmaking by principal elected officials of general purpose local government. Note that the M.P.O. is to be operated under the provisions of s. 163.01, F. S., the Florida Interlocal Cooperation Act of 1969. Cf. ch. 160, F. S., which requires a similar cooperative effort between units of local government for other types of regional planning which affect two or more counties or municipalities. Section 334.215(2) further provides that the signatories to the interlocal agreement entered into pursuant to that section shall be the governmental entities represented on the M.P.O. and the Department of Transportation. The duties of the voting membership on the M.P.O. are in addition to their regular duties as elected municipal officers.
Initially, it must be noted that s. 334.215, F. S., must be afforded a legislative enactment's presumption of constitutional validity, and the statute must be given effect unless and until it is declared unconstitutional by the courts. See Evans v. Hillsborough County, 186 So. 193 (Fla. 1938); City of Sebring v. Wolf, 141 So. 736 (Fla. 1932); and State ex rel. Atlantic Coast Line Railroad Co. v. State Borad of Equalizers, 94 So. 681 (Fla. 1922).
Section 5(a) of Art. II, State Const., in relevant part, provides: `No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein . . . .' This section substantially reproduces s. 15 of Art. XVI, State Const. 1885, except that the current provisions were expanded to include municipal officers, since decisions under the 1885 Constitution construing s. 15 had excluded such offices from being subject to this prohibition.
Section 334.215, F. S., imposes additional or ex officio duties and responsibilities upon a municipal official who has been appointed as a member of the M.P.O. The courts have made it abundantly clear that the Legislature may constitutionally impose additional or ex officio duties and responsibilities upon an officer; such legislative designation of state or local officers to perform ex officio the functions of another or second office does not violate the dual officeholding prohibition of s. 5(a), Art. II, State Const. See State v. Florida State Turnpike Authority, 80 So.2d 337 (Fla. 1955); State ex rel. Gibbs v. Gordon, 189 So. 437 (Fla. 1939); and Amos v. Mathews, 126 So. 308
(Fla. 1930). As the Florida Supreme Court in Amos v. Mathews,supra, at p. 335, stated, `[t]he fact of imposing additional duties by statute on both state and county constitutional officers seems to have become securely imbedded in our governmental scheme, and has from time to time received the imprimatur of this Court.' This language is equally applicable to municipal officers. My examination of s. 334.215 and related statutes leads me to the conclusion that the additional duties and responsibilities imposed are not violative of s. 5(a), Art. II, State Const., and are in no way inconsistent with the municipal duties already being performed by such an officer.
Prepared by: Craig B. Willis, Assistant Attorney General