The Honorable David H. Pingree Secretary Department of Health and Rehabilitative Services 1317 Winewood Boulevard Tallahassee, Florida 32301
Dear Secretary Pingree:
This is in response to your request for an opinion on substantially the following question:
 WHETHER THE FILING OF A REPORT OF INTENDED PLACEMENT OF A MINOR FOR ADOPTION BY AN INTERMEDIARY BEFORE JULY 1, 1984, IS AN ACT OF PLACING OR ATTEMPTING TO PLACE SUCH THAT FURTHER PLACEMENT ACTIVITIES OF THE CHILD WOULD NOT CONSTITUTE A VIOLATION OF SECTION 5 OF CH. 84-101, LAWS OF FLORIDA?
Section 4 of Ch. 84-101, Laws of Florida, amended subsection (1) of s 63.207, F.S., 1983 to read:
 (1) Unless the child is to be placed with a relative within the third degree or a stepparent, no person except an agency or the Department of Health and Rehabilitative Services shall:
 (a) Take or send a child out of the state for purposes of placement for adoption; or unless the child is to be placed with a relative within the third degree or a stepparent.
 (b) Place or attempt to place a child for the purposes of adoption with a family whose primary residence and place of employment is in another state.
 (words struck through are deletions; words underscored are additions)
The title of Ch. 84-101 states that the purpose of this amendment to s 63.207 was to clarify "existing language relating to out-of-state placement." Chapter 63, F.S., as amended by Ch. 84-101, Laws of Florida does not provide any penalty for violations of s 63.207, as amended, although substantially the same acts are penalized under subsection (1)(a) and (b) and (6) of s 63.212, F.S., as amended by Ch. 84-101. Subsection (1)(a) of s63.212, F.S. 1983, which makes it unlawful for any person except the Department or an agency licensed by the Department to place or attempt to place without the state a child for adoption unless placed with a relative within the third degree or a stepparent was reenacted in identical language by s 5 of Ch. 84-101, Laws of Florida. Section 5 of Ch. 84-101, among other things, added paragraph (b) to subsection (1) of s 63.212 to make it unlawful for any person:
 Except the Department of Health and Rehabilitative Services or an agency, to place or attempt to place a child for adoption with a family whose primary residence and place of employment is in another state unless the child is placed with a relative within the third degree or a stepparent.
"Agency" is defined by subsection (7) of s 63.032, F.S. 1983 to mean "any child-placing agency licensed by the department pursuant to s. 63.202 to place minors for adoption." Subsection (6) of s63.212, F.S. 1983, was amended by s. 5 of Ch. 84-101, to read:
 Whoever violates any provision of this section, excluding paragraph (1)(h), is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Whoever violates paragraph (1)(h) is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.083, and each day of continuing violation shall be considered a separate offense. (e.s.)
Except for those provisions relating to advertising placements contained in added paragraph (1)(h), the penalty prescribed by subsection (6) for violations of preexisting paragraph (1)(a) remains unchanged. Thus, any act of placement without the state as defined by s 63.032(9), F.S. 1983, by any person other than the department or a licensed agency continues to be subject to the penalties prescribed by s 63.212(6), F.S., as amended.
You state in your letter that currently the department has a number of cases pending to which s 5 of Ch. 84-101, Laws of Florida, would apply. In each of these cases, the intermediary has filed a report of intended placement with the department as required by s 63.092, F.S., but the child being placed will not be born until after July 1, 1984. In all cases, the child will be placed with a family whose primary residence and place of employment is in another state. You further state that you have concerns that ex post facto considerations may render Section 5. unconstitutional if it is applied to adoptions already in process. This law is presumptively valid and the courts must construe the law in a manner which will sustain its constitutionality, if at all possible. See, Gulfstream Park Racing Association, Inc. v. Department of Business Regulation, 441 So.2d 627 (Fla. 1983); Aldana v. Holub, 381 So.2d 231 (Fla. 1980); Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969). Cf., City of Sebring v. Wolf, 141 So. 736 (Fla. 1932); Department of Education v. Lewis, 416 So.2d 455 (Fla. 1982); Pickerill v. Schott, 55 So.2d 716, 719 (Fla. 1951); Evans v. Hillsborough County, 186 So. 193 (Fla. 1938). My examination of the title and of the enacting provisions of Ch. 84-101, Laws of Florida, do not reveal any facial invalidity of the act. Chapter 84-101 does not purport to make criminal or penalize any past acts of placement, and the act does not appear to impair any vested right.
Subsection (9) of s 63.032, F.S., defines the terms "to place" or "placement" to mean "the process of giving or transferring of possession or custody, or arranging for the giving or transferring of possession or custody, or arranging for the giving or transferring of possession or custody, of a child by any person to another person for adoption." The effective date of Ch. 84-101, Laws of Florida, is July 1, 1984. As noted above, any act of placement without the state as defined by s 63.032(9), F.S. 1983, by any person other than the department or a licensed agency has been and continues to be subject to the penalty prescribed by s63.212(6), F.S., as amended. In regard to placements or attempted placements made unlawful by paragraph (b) of subsection (1) of section 63.212, added to subsection (1) by Ch. 84-101, Laws of Florida, neither paragraph (b) nor subsection (6) purports to impute any criminality to or penalize any such placements or attempted placements or any act performed in or as a step in such process made or completed before the effective date of Ch. 84-101. Further, the provisions of s 63.092 relating to the report of intended placement by an intermediary and preliminary studies, written recommendations and post-placement services by the department do not appear to vest any statutory right in any person to place a child for adoption or to complete the adoption process or procedure provided for in s 63.092 or to be granted a judgment of adoption by the court as provided by s 63.142, F.S. The procedures provided in s 63.092, F.S., appear to constitute inchoate procedural rights or remedies and do not appear to affect any substantive or vested rights of either an intermediary or the prospective adoptive parents. Compare, Division of Workers' Compensation, Bureau of Crimes Compensation v. Brevda,420 So.2d 887 (1 D.C.A. Fla., 1982); Batch v. State, 405 So.2d 302 (4 D.C.A. Fla., 1981); Harris v. State, 400 So.2d 819 (5 D.C.A. Fla., 1981); Johnson v. State, 371 So.2d 556 (2 D.C.A. Fla., 1979); Heilmann v. State, 310 So.2d 376 (2 D.C.A. Fla., 1975); Ingerson v. State Farm Mutual Automobile Insurance Company, 272 So.2d 862 (3 D.C.A. Fla., 1973). Statutory procedural or remedial changes are to be applied to and become controlling in the final determination of pending cases. See generally, 82 C.J.S. Statutes p. 993-994. In these circumstances, I conclude that the prohibited acts of placement described in s 63.212(1)(b), F.S., as enacted by s 5 of Ch. 84-101, Laws of Florida, and penalized by s 63.212(6), as amended, as felonies of the third degree are not applicable to acts of placement which may have occurred or have been performed prior to the effective date of Ch. 84-101, Laws of Florida, which is July 1, 1984.
Relevant to the issue raised in this inquiry, a law is an ex post facto law when it makes an act criminal that occurred or was done prior to the effective date of the law and which was innocent or lawful at the time the act was performed. State v. Gale Distributors, Inc., 349 So.2d 150 (Fla. 1977); Green v. State,238 So.2d 296 (Fla. 1970); Rodriquez v. State, 380 So.2d 1123 (2 D.C.A. Fla., 1980). See generally, 16A C.J.S. Constitutional Law s 435. None of the provisions of Ch. 84-101, Laws of Florida, make criminal any act of "placement" which was performed in, or as step in, the placement process defined by s 63.032(9), F.S., and regulated by s 63.092, F.S., prior to the effective date of Ch. 84-101, Laws of Florida. Therefore, the provisions of s 5 of Ch. 84-101 do not appear to be an ex post facto law. Only those "placement" activities occurring or committed on or after July 1, 1984, come within the terms of s 5 of Ch. 84-101, Laws of Florida.
It is my opinion that the filing of a report of intended placement of minor by an intermediary as required by s 63.092, F.S., does not vest any statutory right in an intermediary or the prospective adoptive parents of a minor, and s 63.212(1) and (6), F.S., as amended by s 5 of Ch. 84-101, Laws of Florida, does not impute any criminality to or penalize any acts of placement or attempted placements or any act performed in or as a step in, the placement process required by s 63.092, F.S., which occurred before the effective date of Ch. 84-101. Therefore, Ch. 84-101 nor any part thereof constitutes an ex post facto law; only those acts of placement occurring or committed on or after July 1, 1984 come within the terms of or are penalized by s 5 of Ch. 84-101, Laws of Florida.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General