936 So.2d 1208 (2006)
William S. ABRAMSON, Appellant,
v.
Jerald S. BEER, Appellee.
No. 4D06-3319.
District Court of Appeal of Florida, Fourth District.
September 1, 2006.
William S. Abramson, West Palm Beach, pro se.
Gerald F. Richman, John G. White, III and Leora B. Freire of Richman Greer Weil Brumbaugh Mirabito & Christensen, P.A., West Palm Beach, for appellee.
TAYLOR, J.
William S. Abramson, a registered voter in Palm Beach County, appeals the denial of his petition for a mandatory injunction requiring the Secretary of State to order the Supervisor of Elections to remove from the September 5, 2006 election ballot the name of Jerald S. Beer, a candidate for circuit court judge, Group 13. Abramson asserted that Beer was required to resign from his position as a traffic court hearing officer in order to seek election to judicial office, under Florida's "resign-to-run" law, section 99.012, Florida Statutes (2005). Because Abramson failed to name either the Secretary of State or the Supervisor of Elections as a defendant in this suit, we affirm without ruling on the merits. An election official is an indispensable party to proceedings for the injunctive ballot relief sought in this case. See McAdoo v. Moses, 101 Fla. 936, 132 So. 638, 639 (1931) (holding that "all persons materially interested, either legally or beneficially, in the subject matter of a suit, must be made parties, either as complainants or defendants, so that a complete decree may be made binding on all parties") (quoting Robinson v. Howe, 35 Fla. 73, 17 So. 368 (1895)); see also Fla. R. Civ. P.1.610(c).
Affirmed.
SHAHOOD and GROSS, JJ., concur.