940 So.2d 586 (2006)
William S. ABRAMSON, Appellant,
v.
Jerald S. BEER; Sue Cobb, Secretary of State, State of Florida; and Dr. Arthur Anderson, Supervisor of Elections of Palm Beach County, Appellees.
No. 4D06-4117.
District Court of Appeal of Florida, Fourth District.
October 30, 2006.
Rehearing Denied November 2, 2006.
*587 William S. Abramson, West Palm Beach, for himself.
Gerald F. Richman, John G. White, III and Leora B. Freire of Richman Greer Weil Brumbaugh Mirabito & Christensen, P.A., West Palm Beach, for appellee Beer.
Peter Antonacci and Andy V. Bardos of Gray Robinson, P.A., Tallahassee, for appellee Sue Cobb, Secretary of State.
Louis M. Silber of Silber Valente & Davis, West Palm Beach, for Dr. Arthur Anderson, Supervisor of Elections.
FARMER, J.
Once again this ballot dispute comes before us. See Abramson v. Beer, 936 So.2d 1208 (Fla. 4th DCA 2006). The Secretary of State and Supervisor of Elections have now been properly joined. The trial judge has denied appellant's claim for a mandatory injunction to remove Candidate Beer's name from the ballot.
The argument is that Beer was required to resign from his position as a civil traffic infraction hearing officer to qualify for election to judicial office under Florida's "resign-to-run" law. § 99.012, Fla. Stat. (2006). The operative statutory text provides that:
"No officer may qualify as a candidate for another public office, whether state, district, county, or municipal, if the terms or any part thereof run concurrently with each other, without resigning from the office he or she presently holds." [e.s.]
§ 99.012(3)(a), Fla. Stat. (2006). To be covered by this provision a candidate must hold another state, district, county or municipal office for a specific term that will intersect with the term of the judicial office he now seeks by election.
Candidate Beer is a civil traffic infraction hearing officer in Palm Beach County, serving under the Chief Judge of the Fifteenth Judicial Circuit. The office of civil traffic infraction hearing officer is defined by statute as follows:
"Hearing officers shall be independent contractors and may serve either full time or part time as determined by the *588 chief judge. In either case, they shall serve at the pleasure of the chief judge of the county and circuit in which they are to hear cases and shall have no definite term of office." [e.s.]
§ 318.35, Fla. Stat. (2006). We think the final clause can have but one meaning: the Legislature did not intend for civil traffic infraction hearing officers to be covered by the resign-to-run law. Because Candidate Beer served at the pleasure of the Chief Judge and had "no definite term of office," it follows that no part of any judicial term to which he might be elected could intersect with his tenure as a civil traffic infraction hearing officer before taking judicial office.[1] We therefore find no error in the trial court's denial of a mandatory injunction.
Affirmed.
POLEN and SHAHOOD, JJ., concur.
NOTES
[1] Beer had a written contract with the Chief Judge specifying a one-year period of appointment expiring June 30, 2006. The period obviously expressed the pleasure of the Chief Judge and is not illegal, as appellant suggests. The fact that Beer may have been still serving as a hearing officer when he filed papers to qualify for judicial office is of no effect because he held an appointment without "a definite term of office." § 318.35, Fla. Stat. (2006).